Below is an Order of the Court.

_____
TRISH M. BROWN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| | |
|---|---|
| In re | ) Case No._____ |
| | ) |
| | ) ORDER, DRAFTED ON:_____, |
| | ) RE: RELIEF FROM (Check ALL that apply): |
| | )     DEBTOR STAY     CODEBTOR STAY |
| | ) CREDITOR:_____ |
| Debtor(s) | ) CODEBTOR:_____ |

The undersigned, _____, whose address is _____
_____, Email address is _____,
Phone No. is _____, and any OSB # is _____, presents this Order based upon:

The completed Stipulation of the parties located at the end of this document.

The oral stipulation of the parties at the hearing held on _____.

The ruling of the court at the hearing held on _____.

Creditor certifies any default notice required by pt. 5 of the Order re: Relief from Stay entered on _____ was served, and that debtor has failed to comply with the conditions of that order.

Creditor certifies that no response was filed within the response period plus 3 days to the Motion for Relief from Stay that was filed on _____ and served on _____.

**IT IS ORDERED** that, except as provided in pt. 4 below, the stay existing pursuant to 11 USC §362(a) shall remain in effect as to the property described below (hereinafter "the property"):

Personal property described as (e.g., 2001 Ford Taurus):




Real property located at (i.e., street address):



[Optional UNLESS In Rem Relief Granted]  Exhibit A attached hereto is the legal description of the property.

**IT IS FURTHER ORDERED** that the stay is subject to the conditions marked below:

1. **Regular Payment Requirements**.

    a. Debtor(s) shall deliver regular monthly payments in the amount of $_____ commencing _____ to Creditor at the following address:

    b. The Chapter 13 trustee shall immediately pay and disburse to Creditor the amount of $_____ per month from funds paid to the trustee by Debtor(s), and continue each month until the plan is confirmed, at which time the plan payment terms shall control. Payments made by the trustee under this order shall be deemed to be payments under the plan for purposes of the trustee's collection of percentage fees.

    c. Debtor(s) shall pay to the trustee any and all payments required to be paid under the terms of the Chapter 13 plan.

2. **Cure Payment Requirements**. Debtor(s) shall cure the post-petition default of $_____ consisting of

    (e.g., $_____ in payments and $_____ in late charges for April - June, 2002), as follows:

    a. In equal monthly installments of $_____ each, commencing _____ and continuing thereafter through and including _____.

    b. By paying the sum of $_____ on or before _____, and the sum of $_____ on or before _____.

    c. Other (describe):

3. **Insurance Requirement(s)**. Debtor shall maintain insurance on the property at all times as required by the security agreement, naming _____ as the loss payee.

    On or before _____ Debtor(s) shall provide counsel for Creditor with proof of insurance.

4. **Stay Relief and Codebtor Stay Relief without Cure Opportunity**.

    a. Upon default in the conditions in pt(s). _____ Creditor may file and serve a certificate of non-compliance specifying the default, together with a proposed order terminating the stay to allow Creditor to foreclose on, and obtain possession of, the property to the extent permitted by applicable nonbankruptcy law, which the Court may grant without further notice or hearing.

    b. The stay is terminated to allow Creditor to foreclose on, and obtain possession of, the property to the extent permitted by applicable nonbankruptcy law, provided that a foreclosure sale shall not occur prior to _____.

    c. Creditor is granted relief from stay effective _____ to foreclose on, and obtain possession of, the property, to the extent permitted by applicable nonbankruptcy law.

    d. Creditor is granted relief from stay to foreclose on, and obtain possession of, the property, to the extent permitted by applicable nonbankruptcy law.

    e. If a Creditor with a senior lien on the property is granted relief from stay, Creditor may file and serve a certificate identifying the senior lien holder and a proposed order terminating the stay, which the Court may grant without further notice or hearing.

    f. Creditor is granted relief from stay to _____
    _____.

    g. Creditor is granted "in rem" relief from stay with respect to the real property described above and in Exhibit A. This order shall be binding in any other case filed under 11 USC purporting to affect such real property filed not later than two (2) years after the date of the entry of this order unless the bankruptcy court in the subsequent case grants relief from this order. Any governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of this order for indexing and recording.

h. Creditor is granted relief from the codebtor stay, as it applies to the codebtor(s) named in the caption above, to enforce the terms of the contract and collect the deficiency balance.

5. **Stay Relief with Cure Opportunity**. Upon default in the checked condition(s) in pt(s). 1 - 3, Creditor shall serve written notice of default on ☐ Debtor(s) and ☐ Attorney for Debtor(s) that gives Debtor(s) ____ calendar days after the mailing of the notice to cure the default. If Debtor(s) fails to cure the default in accordance with this paragraph, then Creditor shall be entitled to submit a proposed order terminating the stay, which the Court may grant without further notice or hearing.

   a. The notice of default may require that Debtor(s) make any payment(s) that becomes due between the date the notice of default is mailed and before the cure deadline.

   b. The notice of default may require Debtor(s) to pay $_____ for the fees and costs of sending the notice.

   c. Only ____ notices of default and opportunity to cure are required per ☐ year (calculated from date of entry of this order), ☐ during the remainder of this case, or ☐ (describe):

6. **Amended Proof of Claim**. Creditor shall file an amended proof of claim to recover all accrued post-petition attorney fees and costs and (describe):

7. **Miscellaneous Provisions**.

   a. If Creditor is granted relief from stay, the 14-day stay provided by Fed. Rule Bankr. Proc. 4001(a) shall be waived.

   b. Any notice that Creditor's counsel shall give to Debtor(s)/Codebtor, or attorney for Debtor(s)/Codebtor, pursuant to this order shall not be construed as a communication under the Fair Debt Collection Practices Act, 15 USC §1692.

8. A final hearing on Creditor's motion for relief from stay shall be held on _____ at _____ in _____.

9. Other:

**PRESENTED, AND CERTIFIED, BY:**    ###

_____

IT IS SO STIPULATED:

Creditor's Attorney:                                         Debtor(s)'s Attorney:

_____                      _____
Name: _____                      Name: _____
OSB#: _____                      OSB#: _____

NO OBJECTION TO ORDER BY CASE TRUSTEE:                       Codebtor's Attorney:

By:_____                      _____
                                                             Name: _____
                                                             OSB#: _____

720.90 (12/1/10)    **Page 3 of 3**

Stipulated Order for Relief From Stay

Ford Motor Credit Company, LLC

<u>Exhibit 1 – Collateral Description and Lien Information</u>

| Year | Make/Model | VIN | Loan Balance | NADA Value |
|---|---|---|---|---|
| 2016 | Ford Transit | 1FMZK1CM1GKA15512 | $37,333.41 | $26.525.00 |
| 2016 | Ford Transit | 1FMZK1CM2GKB25954 | $37,333.41 | $26,252.00 |
| 2016 | Ford Transit | 1FMZK1CM8GKB25960 | $40,210.96 | $26,525.00 |
| 2016 | Ford Transit | 1FMZK1CM3GKA15513 | $40,210.96 | $26,525.00* |
| 2016 | Ford Transit | 1FMZK1CM0GKB25953 | $37,333.41 | $26,525.00 |

*Creditor has received information this vehicle has significant body damage but no repair estimates or evaluations have been completed.



# UTAH VEHICLE RETAIL INSTALLMENT CONTRACT

**DATE:** 05/17/2016

**Ford Credit**
1-800-727-7000
www.fordcredit.com

**Buyer (and Co-Buyer) Name and Address (including County):**
ECO CAB PORTLAND, LLC

**CREDITOR (Seller Name and Address):**
LHM SUPER FORD SALT LAKE CITY
1340 South 500 West
SALT LAKE CITY, UT 84115

You, the Buyer (and Co-Buyer, if any), may buy the vehicle described below for cash or on credit. The cash price is shown below as "Cash Price." The credit price is shown below as "Total Sale Price." By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract.

| New/Used | Mileage | Year and Make | Model | Vehicle Identification Number | Use For Which Purchased |
|---|---|---|---|---|---|
| NEW | 20 | 2016 FORD | TRANSIT | 1FMZK1CM1GKA15512 | ☒ Commercial |

**Trade-in:** N/A  Year and Make — Gross Allowance N/A  Amount Owing N/A

## ITEMIZATION OF AMOUNT FINANCED

1. Cash Price ... $52312.00 (1)
2. Down Payment
   - Third Party Rebate Assigned to Creditor ... $4250.00
   - Cash Down Payment ... $6200.00
   - N/A ... N/A
   - Trade-In (description above) ... N/A
   - Total Down Payment ... $10450.00 (2)
3. Unpaid Balance of Cash Price (1 minus 2) ... $41862.00 (3)
4. Amounts paid on your behalf (Seller may be retaining a portion of these amounts)
   - To Public Officials
     - (i) for license, title & registration fees $ N/A
     - (ii) for official fees $ N/A
     - (iii) for taxes (not in Cash Price) $ N/A ... $ N/A
   - To Insurance Companies for:
     - Credit Life Insurance ... $ N/A
     - Credit Disability Insurance ... $ N/A
     - N/A ... N/A
     - N/A ... N/A
   - To N/A for N/A ... $ N/A
   - To N/A for N/A ... $ N/A
   - To N/A for N/A ... $ N/A
   - To N/A for N/A ... $ N/A
   - To N/A for N/A ... $ N/A
   - To N/A for N/A ... $ N/A
   - To N/A for N/A ... $ N/A
   - Total ... $ (4)
5. Amount Financed (3 plus 4) ... $41862.00 (5)

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate | The dollar amount the credit will cost you | The amount of credit provided to you or on your behalf | The amount you will have paid when you have made all scheduled payments | The total cost of your purchase on credit, including your downpayment of $10450.00 |
| 6.39 % | $7283.40 | $41862.00 | $49145.40 | $59595.40 |

**Your Payment Schedule will be:**

| Number of Payments | Amount of Payments | When Payments are Due ☒ Monthly ☐ Semi-Annually ☐ Annually |
|---|---|---|
| 60 | $819.09 | starting 07/01/2016 |
| N/A | N/A | N/A |
| N/A | N/A | N/A |

**Prepayment:** If you pay off your debt early, you will not have to pay a penalty.
**Late Payment:** You must pay a late charge on the portion of each payment received more than 10 days late. The charge is 5 percent of the late amount or $30.00, whichever is greater.
**Security Interest:** You are giving a security interest in the vehicle being purchased.
**Contract:** Please see this contract for additional information on security interest, nonpayment, default, the right to require repayment of your debt in full before the scheduled date, and prepayment penalty.

**COMMERCIAL USE CONTRACT LATE PAYMENT:** If you purchased the vehicle for commercial use, you must pay a late charge on the portion of each late payment received more than 10 days late. The charge is 7.5 percent of the late amount or $50.00, whichever is less.

☐ Your last installment payment under this contract is a balloon payment.
**EXCESS WEAR, USE AND MILEAGE CHARGES**
If the box directly above is checked, this section, Paragraph B, and Paragraph C of the contract apply. You may be charged for excessive wear based upon our standards for normal use. If you exercise the option to sell the vehicle back to Creditor under Paragraph B, you must pay the Creditor $0. N/A per mile for each mile in excess of N/A miles shown on the odometer.

**Anti-Theft Product (Optional)**
☐ If this box is checked you purchased the anti-theft product(s) listed below. The purchase of anti-theft product(s) is optional and not required to obtain credit, even if the product(s) is already installed on the vehicle you selected. You may purchase anti-theft product(s) from the person of your choice. By signing below, you agree to purchase the anti-theft product(s) at the price disclosed.

| N/A | $ N/A | Term N/A |
| N/A | $ N/A | Term N/A |
| N/A | $ N/A | Term N/A |

Buyer Signs X

## INSURANCE

YOU ARE REQUIRED TO INSURE THE VEHICLE. YOU MAY OBTAIN VEHICLE INSURANCE FROM A PERSON OF YOUR CHOICE.

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED.

CREDIT LIFE, CREDIT DISABILITY AND OTHER OPTIONAL INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT AND WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE PREMIUM.

☐ Credit Life — Insurance Company N/A
Premium $ N/A  Insured(s) N/A
You want Credit Life Insurance.
Buyer Signs N/A
Co-Buyer Signs N/A

☐ Credit Disability — Insurance Company N/A
Premium $ N/A  Insured(s) N/A
You want Credit Disability Insurance.
Buyer Signs N/A
Co-Buyer Signs N/A

### OTHER OPTIONAL INSURANCE

| Coverage and Insurance Company | Premium | Term in Months |
|---|---|---|
| N/A | $ N/A | N/A |
| By N/A | N/A | N/A |
| N/A | $ N/A | N/A |
| By N/A | N/A | N/A |

You want the optional insurance for which premiums are included above.
N/A
Buyer Signs
N/A
Co-Buyer Signs

Credit Life and Credit Disability Insurance are for the term of the contract. The amount and coverages are shown in a notice or agreement given to you today.

☐ Debt Cancellation Waiver Addendum (Optional)
If this box is checked you have purchased a debt cancellation waiver. Purchase of this coverage is optional and is not required to obtain credit. The terms and conditions of the debt cancellation waiver are set forth in the attached Addendum which is incorporated into this contract. The price for the debt cancellation waiver is set forth on this contract in the Itemization of Amount Financed under section 4.

Buyer Signs N/A

---

Any change in this contract must be in writing and signed by you and the Creditor.

Buyer Signs X Eco Cab Portland, LLC By [signature]
Rohi Ennal, Managing Member
Co-Buyer Signs X

YOU ACKNOWLEDGE THAT YOU HAVE READ AND AGREE TO BE BOUND BY THE ARBITRATION PROVISION ON THE REVERSE SIDE OF THIS CONTRACT.

The Annual Percentage Rate may be negotiated with the Seller. The Seller may assign this contract and may retain its right to receive a portion of the Finance Charge.

## NOTICE TO THE BUYER

Do not sign this contract before you read it or if it contains any blank spaces. You are entitled to an exact copy of the contract you sign.

Buyer (and Co-Buyer) acknowledge that (i) before signing this contract, Buyer (and Co-Buyer) received and reviewed a true and completely filled in copy of this contract and (ii) at the time of signing this contract, Buyer (and Co-Buyer) received a true and completely filled in copy of this contract.

Buyer Signs X Eco Cab Portland, LLC By [signature]
Co-Buyer Signs X

Seller LHM SUPER FORD SALT LAKE CITY By [signature]  Title F I MGR
THIS CONTRACT IS NOT VALID UNTIL YOU AND SELLER SIGN IT.

## ASSIGNMENT

Seller may transfer this contract to another person. That person will then have all Seller's rights, privileges, and remedies. By signing below, the Seller assigns this contract to FORD MOTOR CREDIT CO ("Assignee").
To contact Assignee about this contract, call LHM SUPER FORD SALT LAKE CITY or visit their website at www.fordcredit.com

Seller By [signature] Title

FC 17643-SI (MAY 15) (Previous editions may NOT be used)  SEE OTHER SIDE FOR ADDITIONAL AGREEMENTS
FC 17643-S-SI

PLY 1 — ORIGINAL  PLY 2 — BUYER'S COPY  PLY 3 — CO-BUYER/GUARANTOR COPY  PLY 4 — SELLER'S COPY (NON-TRANSFERABLE)

**Exhibit B**

## ADDITIONAL AGREEMENTS

**A. Payments:** You must make all payments in U.S. funds when they are due. You may prepay your debt at any time without penalty. This is a simple finance charge contract. The actual finance charge you agree to pay will depend on your payment patterns. The actual finance charge may exceed the disclosed Finance Charge if you make your payments later than the scheduled dates or in less than the scheduled amount. Your payment will be applied first to the earned and unpaid part of the Finance Charge and then to the unpaid Amount Financed. The Finance Charge is earned by applying the Annual Percentage Rate to the unpaid Amount Financed for the actual time that the unpaid Amount Financed is outstanding.

**B. Balloon Payment Contracts:** If your last installment payment under this contract is a balloon payment as indicated on the front of the contract, you may handle the last installment payment in one of three ways.

*First,* you may pay all that you owe when the last installment payment is due and keep your motor vehicle.

*Second,* you may refinance the last installment payment unless you are in default under this contract. If the Creditor has advanced funds to cure any default, you must pay back the Creditor before the refinancing. You also must provide proof of insurance acceptable to Creditor before the refinancing. The Annual Percentage Rate (APR) for the refinancing will be the Creditors prevailing rates at the time of the refinancing. You must meet the Creditors normal credit standards in order to be eligible for refinancing. The term of the refinancing will be based on the amount refinanced, the rate, and the amount of the monthly payment. The refinanced monthly payment shall be the same as in this contract if the refinanced amount will be fully paid within 36 months of the due date of the last installment payment. Otherwise, the monthly payment amount shall be the amount needed to fully pay the refinanced amount within 35 months of the due date of this last installment payment. If you wish to refinance, you must notify the Creditor in writing. Except as discussed in this section, the notice must be received no later than 30 days prior to the due date of the last installment payment.

*Third,* you may sell the vehicle to the Creditor for an amount equal to the last installment payment. You must pay to the Creditor any other amount owed under this contract. Amounts you owe will be based, in part, on the vehicle's mileage. You also must pay to the Creditor the estimated costs of all repairs to the vehicle that are the result of excess wear and use, as set forth below. You must take the vehicle to a place selected by the Creditor for inspection no later than 15 days prior to the last installment payment due date. After the inspection, if you decide to sell the vehicle to the Creditor, you must give the vehicle to the Creditor no later than the last installment payment due date. At that time, you must also give the Creditor a title, which shows no liens other than the Creditor's lien, transferring ownership to the Creditor or a person selected by the Creditor. After the inspection, if you decide not to sell vehicle to the Creditor, you must immediately contact the Creditor and inform the Creditor whether you want to refinance the last installment payment.

**C. Damage Repair:** If your last installment payment under this contract is a balloon payment and you sell the vehicle back to the Creditor under Paragraph B, you are responsible for repairs of all damage to the vehicle that are not the result of normal wear and use. These repairs include, but are not limited to, those necessary to:

(i) replace any tire not part of a matching set of four or any tire which has less than 1/8 inch of remaining tread;
(ii) repair all mechanical defects;
(iii) repair or replace all dented, scratched, chipped, rusted or mismatched body panels, paint or vehicle identification items; all dented, scratched, rusted, pitted, broken or missing trim and grill work; all scratched, cracked, pitted or broken glass; all faulty window mechanisms; all broken or burned out lights; all electronic malfunctions; all interior rips, stains, burns or worn areas; and all damage which would be covered by collision or comprehensive insurance whether or not such insurance is actually in force.

If you have not made the repairs before inspection of the vehicle under Paragraph B, you will owe the estimated costs of such repairs, even if the repairs are not made prior to your sale of the vehicle to the Creditor. If you disagree with the estimated costs of repairs, you may have the repairs made at your expense prior to your sale of the vehicle to the Creditor.

**D. Security Interest:** You give the Creditor a security interest in:
1. The vehicle and all parts or other goods put on the vehicle;
2. All money or goods received for the vehicle; and
3. All insurance premiums and service contracts financed for you.

This secures payment of all amounts you owe under this contract. It also secures your other agreements in this contract.

**E. Use of Vehicle - Warranties:** You must take care of the vehicle and obey all laws in using it. You may not sell or rent the vehicle, and you must keep it free from the claims of others. You will not use or permit the use of the vehicle outside of the United States, except for up to 30 days in Canada or Mexico, without the prior written consent of the Creditor. If the vehicle is of a type normally used for personal use and the Creditor, or the vehicle's manufacturer, extends a written warranty or service contract covering the vehicle within 90 days from the date of this contract, you get implied warranties of merchantability and fitness for a particular purpose covering the vehicle. Otherwise, you understand and agree that there are no such implied warranties, except as otherwise provided by law.

**F. Vehicle Insurance:** You must insure the vehicle against loss or damage from collision, fire or theft. You must name Creditor as the loss payee under the insurance policy. The Creditor must approve the type and amount of insurance. If the vehicle is lost, damaged or destroyed, you must pay the Creditor what is still owed.

You agree that the Creditor can make a claim under the insurance policy. You authorize the insurance company to provide Creditor any information Creditor believes necessary to make a claim. You must use insurance proceeds to repair the vehicle, unless the damage to the vehicle is considered a total loss. If the damage to the vehicle is considered a total loss, you must use the insurance proceeds to pay what you owe the Creditor. If your insurance on the vehicle doesn't pay all you owe, you must pay what is still owed.

**G. Returned Insurance Premiums and Service Contract Charges:** This contract may contain charges for insurance, service contracts, or other contracts. You agree that the Creditor can claim benefits under these contracts and unless prohibited by law, and terminate them to obtain refunds of unearned charges to reduce what you owe. If the Creditor gets a refund on insurance, service contracts, or other contracts, the Creditor will subtract it from what you owe. Once all amounts owed under this contract are paid, any remaining refunds will be paid to you.

**H. Returned Check Charge:** You agree to pay a returned check charge of $20.00 for each check, draft, or other order of payment that is dishonored for any reason.

**I. Default:** You will be in default if:
1. You do not make a payment when it is due; or
2. You gave false or misleading information on your credit application relating to this contract; or
3. Your vehicle is seized by any local, state, or federal authority and is not promptly and unconditionally returned to you; or
4. You file a bankruptcy petition or one is filed against you; or
5. You do not keep any other promise in this contract.

If you default, Creditor can exercise Creditor's rights under this contract and Creditor's other rights under the law.

**J. Repossession:** If you default, the Creditor may require you to pay at once the unpaid Amount Financed, the earned and unpaid part of the Finance Charge and all other amounts due under this contract. Creditor may repossess (take back) the vehicle, too. Creditor may also take goods found in the vehicle when repossessed and hold them for you.

**K. Your Right To Redeem:** If the vehicle is taken back, Creditor will send you a notice. The notice will say that you may redeem (buy back) the vehicle and will explain how to redeem the vehicle. You may redeem the vehicle up to the time the Creditor sells it or agrees to sell it. If you do not redeem the vehicle, it will be sold.

**L. Disposition of Motor Vehicle:** If the vehicle is taken back and sold, the money from the sale, less allowed expenses, will be used to pay the amount still owed on the contract. Allowed expenses include those paid as a direct result of having to retake the vehicle, hold it, prepare it for sale, and sell it. Reasonable lawyer's fees and legal costs are allowed, too. If there is any money left (a surplus), it will be paid to you. If the money from the sale is not enough to pay off this contract and costs, you will pay what is still owed to the Creditor. If you do not pay this amount when the Creditor asks, the Creditor may charge you interest at the highest lawful rate until you pay.

**M. Collection Costs:** Except as otherwise provided by law, you must pay any and all expenses related to enforcing this contract, including collection expenses, lawyers' fees and other legal expenses.

**N. Consumer Reports:** You authorize the Assignee listed on the front of this contract to obtain consumer credit reports from consumer reporting agencies (credit bureaus) for any reason and at any time in connection with this contract.

**O. Servicing and Collection:** You agree that Creditor, Creditor's affiliates, agents and service providers may monitor and record telephone calls regarding your account to assure the quality of our service or for other reasons. You also expressly consent and agree that Creditor, Creditor's affiliates, agents and service providers may use written, electronic or verbal means to contact you. This consent includes, but is not limited to, contact by manual calling methods, prerecorded or artificial voice messages, text messages, emails and/or automatic telephone dialing systems. You agree that Creditor, Creditor's affiliates, agents and service providers may use any email address or any telephone number you provide, now or in the future, including a number for a cellular phone or other wireless device, regardless of whether you incur charges as a result.

**P. Applicable Law:** You agree that this contract will be governed by the laws of the state of Utah.

**Q. General:** This contract contains the entire agreement between Creditor and you relating to the sale and financing of the motor vehicle. If any part of this contract is not valid, all other parts stay valid. If Creditor doesn't enforce Creditor's rights every time, Creditor can still enforce them, later. Creditor will exercise all of Creditor's rights in a lawful way.

If the last installment payment under this contract is a balloon payment, Assignee has assigned to GI Exchange, in its capacity as Assignee's qualified intermediary, its rights (but not its obligations) with respect to the purchase and sale of this vehicle.

Buyer acknowledges and accepts assignment of this contract to the Assignee (and any successor to Assignee). Buyer also consents to any subsequent assignment of this contract, and accepts this provision as notice of any such assignment, by Assignee or anyone else without further notice to Buyer. This consent and notice specifically includes any assignment of the security interest in the vehicle financed pursuant to this contract.

---

**NOTICE - ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.***

**Used Motor Vehicle Buyers Guide.** If you are buying a used vehicle with this contract, federal regulations may require a special Buyers Guide to be displayed on the window of the vehicle. **THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

**Spanish Translation: Guía para compradores de vehículos usados. LA INFORMACION QUE APARECE EN LA VENTANILLA DE ESTE VEHICULO FORMA PARTE DE ESTE CONTRATO. LA INFORMACION CONTENIDA EN EL FORMULARIO DE LA VENTANILLA ANULA CUALQUIER PREVISION QUE ESTABLEZCA LO CONTRARIO Y QUE APAREZCA EN EL CONTRATO DE VENTA.**

*Does not apply if purchased for commercial or agricultural use. In that case, you (debtor) will not assert against any assignee or subsequent holder of this Contract any claims, defenses, or setoffs which you may have against the Seller or manufacturer of the vehicle.

---

## GUARANTY

To cause the Seller to sell the vehicle described on the front of this contract to the Buyer on credit, each person who signs below as a "Guarantor" guarantees the payment of this contract. This means that if the Buyer fails to pay any money that is owed on this contract, each person who signs as a guarantor will pay it when asked. Each Guarantor who signs below agrees that he will be liable for the whole amount owed even if one or more other persons also signs this Guaranty. Each Guarantor also agrees to be liable even if the Creditor does one or more of the following: (a) gives the Buyer more time to pay one or more payments, or (b) gives a release in full or in part to any of the other Guarantors, or (c) releases any security. Each Guarantor also states that he has received a completed copy of this contract and this Guaranty at the time of signing.

Guarantor _____  Ron Kaari    Address  58 Longview Heights Place, Cowlitz, WA 98632

Guarantor _____   Address _____

---

## READ THIS ARBITRATION PROVISION CAREFULLY AND IN ITS ENTIRETY
### ARBITRATION

Arbitration is a method of resolving any claim, dispute, or controversy (collectively, a "Claim") without filing a lawsuit in court. Either you or Creditor ("us" or "we") (each, a "Party") may choose at any time, including after a lawsuit is filed, to have any Claim related to this contract decided by arbitration. Neither party waives the right to arbitrate by first filing suit in a court of law. Claims include but are not limited to the following: 1) Claims in contract, tort, regulatory or otherwise; 2) Claims regarding the interpretation, scope, or validity of this provision, or arbitrability of any issue except for class certification; 3) Claims between you and us, your/our employees, agents, successors, assigns, subsidiaries, or affiliates; 4) Claims arising out of or relating to your application for credit, this contract, any resulting transaction or relationship, including that with the dealer, or any such relationship with third parties who do not sign this contract.

**RIGHTS YOU AND WE AGREE TO GIVE UP**
If either you or we choose to arbitrate a Claim, then you and we agree to waive the following rights:
- RIGHT TO A TRIAL, WHETHER BY A JUDGE OR JURY
- RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR A CLASS MEMBER IN ANY CLASS CLAIM YOU MAY HAVE AGAINST US WHETHER IN COURT OR IN ARBITRATION
- BROAD RIGHTS TO DISCOVERY AS ARE AVAILABLE IN A LAWSUIT
- RIGHT TO APPEAL THE DECISION OF AN ARBITRATOR
- OTHER RIGHTS THAT ARE AVAILABLE IN A LAWSUIT

**RIGHTS YOU AND WE DO NOT GIVE UP:** If a Claim is arbitrated, you and we will continue to have the following rights, without waiving this arbitration provision as to any Claim: 1) Right to file bankruptcy in court; 2) Right to enforce the security interest in the vehicle, whether by repossession or through a court of law; 3) Right to take legal action to enforce the arbitrator's decision; 4) Right to request that a court of law review whether the arbitrator exceeded its authority; and 5) Right to seek remedies in small claims court for disputes or claims within that court's jurisdiction.

You or we may choose the American Arbitration Association, 1-800-778-7879 (www.adr.org), or any other organization subject to our approval, to conduct the arbitration. The applicable rules (the "Rules") may be obtained from the selected organization. If there is a conflict between the Rules and this contract, this contract shall govern. This contract is subject to the Federal Arbitration Act (9 U.S.C. § 1 et seq.). The arbitration decision shall be in writing with a supporting opinion. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. To the extent that the total of your filing, administrative and arbitrator fees exceeds $200, we will pay the amount in excess of $200, unless you choose to pay one-half of the total or unless the fees are reallocated in the award under the organization's rules.

Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. Any portion of this arbitration provision that is unenforceable shall be severed, and the remaining provisions shall be enforced. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this arbitration provision shall be unenforceable. The validity and scope of the waiver of class action rights shall be decided by the court and not by the arbitrator.

# OREGON VEHICLE CERTIFICATE OF TITLE

OREGON DRIVER AND MOTOR VEHICLE SERVICES CERTIFIES THE PARTY IS LISTED AS OWNER OF THE DESCRIBED VEHICLE. DOCUMENTS FILED WITH DMV SHOW THE VEHICLE IS SUBJECT TO THE OWNERSHIP INTERESTS SPECIFIED.

CONTROL NUMBER: [redacted]

| PLATE NUMBER | TITLE NUMBER | PROCESS DATE | SURVIVOR | REFERENCE NUMBER |
|---|---|---|---|---|
| [redacted] | 1627301729 | 092916 | N/N | |

| YEAR | MAKE | STYLE | MODEL | VEHICLE IDENTIFICATION NUMBER | EQUIPMENT NO. |
|---|---|---|---|---|---|
| 2016 | FORD | VA | TCN | 1FMZK1CM1GKA15512 | |

ODOMETER READING: 20
ODOMETER DATE: 05/17/16
ODOMETER MESSAGE:

OWNER/LESSEE:
ECOCAB PORTLAND LLC
[redacted]

**TITLE BRANDS**
The title "Brand" printed below indicates the history, condition, or circumstances of the vehicle for which this title has been issued. Please see back of title for more information.

- NONE -

USE THIS SECTION WHEN THE ONLY CHANGE IS TO REMOVE A SECURITY INTEREST. FOR ANY OTHER CHANGES, SEE INSTRUCTIONS ON REVERSE.

If there is no change in owners as shown above AND all security interest holders have released interest, one registered owner must sign and date here, if not completing a separate application for title. In addition, if your address has changed, cross out the old address and write the new address and county of residence on the front of the title. Mail the title and the fee to: DMV, 1905 Lana Ave NE, Salem OR 97314.

SIGNATURE (DOES NOT RELEASE INTEREST)   DATE
X

To release interest in the vehicle, complete the reassignment on back of the title.

SECURITY INTEREST HOLDER/LESSOR

FORD MOTOR CREDIT COMPANY
PO BOX 105704
ATLANTA GA 30348

SIGNATURE AND COUNTERSIGNATURE OF SECURITY INTEREST HOLDER OR LESSOR RELEASING ALL INTEREST   DATE
X

SIGNATURE AND COUNTERSIGNATURE OF SECURITY INTEREST HOLDER OR LESSOR RELEASING ALL INTEREST   DATE
X

SEE REVERSE OF TITLE FOR APPLICATION INSTRUCTIONS.

VOID IF ALTERED OR ERASED
VOID WITHOUT CHAIN LINK WATERMARK

1FMZK1CM1GKA15512

# UTAH VEHICLE RETAIL INSTALLMENT CONTRACT

DATE 05/17/2016

1-800-727-7000

Buyer (and Co-Buyer) Name and Address (including County and Zip Code): ECO CAB PORTLAND, LLC

CREDITOR (Seller Name and Address): LHM SUPER FORD SALT LAKE CITY, 1340 South 500 West, SALT LAKE CITY, UT 84115

Ford Credit — www.fordcredit.com

You, the Buyer (and Co-Buyer, if any), may buy the vehicle described below for cash or on credit. The cash price is shown below as "Cash Price." The credit price is shown below as "Total Sale Price." By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract.

| New/Used | Mileage | Year and Make | Model | Vehicle Identification Number | Use For Which Purchased |
|---|---|---|---|---|---|
| New | 10 | 2016 FORD | TRANSIT | 1FMZK1CH2GKB25954 | ☐ Personal ☐ Agricultural ☒ Commercial |

Trade-In: N/A — Year and Make — Gross Allowance $N/A — Amount Owing $N/A

## ITEMIZATION OF AMOUNT FINANCED

1. Cash Price ................................................. $ 45057.00 (1)
2. Down Payment
   - Third Party Rebate Assigned to Creditor ....... $ N/A
   - Cash Down Payment ............................... $ 6200.00
   - N/A ................................................ $ N/A
   - Trade-In (description above) ..................... $ N/A
   - Total Down Payment ............................... $ 6200.00 (2)
3. Unpaid Balance of Cash Price (1 minus 2) ......... $ 38857.00 (3)
4. Amounts paid on your behalf (Seller may be retaining a portion of these amounts)
   To Public Officials
   - (i) for license, title & registration fees $ N/A
   - (ii) for official fees $ N/A
   - (iii) for taxes (not in Cash Price) $ N/A ..... $ N/A
   To Insurance Companies for:
   - Credit Life Insurance ............................ $ N/A
   - Credit Disability Insurance ...................... $ N/A
   - N/A ............................................... $ N/A
   - N/A ............................................... $ N/A

| To | | for | | $ |
|---|---|---|---|---|
| N/A | | N/A | | N/A |
| N/A | | N/A | | N/A |
| N/A | | N/A | | N/A |
| N/A | | N/A | | N/A |
| N/A | | N/A | | N/A |
| N/A | | N/A | | N/A |
| N/A | | N/A | | N/A |
| N/A | | N/A | | N/A |

   Total ............................................... $ (4)
5. Amount Financed (3 plus 4) ...................... $ 38857.00 (5)

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost you | Amount Financed The amount of credit provided to you or on your behalf | Total of Payments The amount you will have paid when you have made all scheduled payments | Total Sale Price The total cost of your purchase on credit, including your downpayment of $6200.00 |
|---|---|---|---|---|
| 6.39 % | $ 6761.00 | $ 38857.00 | $ 45618.00 | $ 51818.00 |

### Your Payment Schedule will be:

| Number of Payments | Amount of Payments | When Payments are Due ☒ Monthly ☐ Semi-Annually ☐ Annually |
|---|---|---|
| 60 | 760.30 | starting 07/01/2016 |
| N/A | N/A | N/A |
| N/A | N/A | N/A |
| N/A | N/A | N/A |

**Prepayment:** If you pay off your debt early, you will not have to pay a penalty.
**Late Payment:** You must pay a late charge on the portion of each payment received more than 10 days late. The charge is 5 percent of the late amount or $30.00, whichever is greater.
**Security Interest:** You are giving a security interest in the vehicle being purchased.
**Contract:** Please see this contract for additional information on security interest, nonpayment, default, the right to require repayment of your debt in full before the scheduled date, and prepayment penalty.

**COMMERCIAL USE CONTRACT LATE PAYMENT:** If you purchased the vehicle for commercial use, you must pay a late charge on the portion of each late payment received more than 10 days late. The charge is 7.5 percent of the late amount or $50.00, whichever is less.

### BALLOON CONTRACT PROVISIONS

☐ Your last installment payment under this contract is a balloon payment.

**EXCESS WEAR, USE AND MILEAGE CHARGES**

If the box directly above is checked, this section, Paragraph B, and Paragraph C of this contract apply. You may be charged for excessive wear based upon our standards for normal use. If you exercise the option to sell the vehicle back to Creditor under Paragraph B, you must pay the Creditor $0. N/A per mile for each mile in excess of N/A miles shown on the odometer.

### Anti-Theft Product (Optional)

☐ If this box is checked you purchased the anti-theft product(s) listed below. The purchase of anti-theft product(s) is optional and not required to obtain credit, even if the product(s) is already installed on the vehicle you selected. You may purchase anti-theft product(s) from the person of your choice. By signing below, you agree to purchase the anti-theft product(s) at the price disclosed.

| N/A | $ | N/A Term N/A |
| N/A | $ | N/A Term N/A |
| N/A | $ | N/A Term N/A |

Buyer Signs X

## INSURANCE

**YOU ARE REQUIRED TO INSURE THE VEHICLE. YOU MAY OBTAIN VEHICLE INSURANCE FROM A PERSON OF YOUR CHOICE.**

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED.

CREDIT LIFE, CREDIT DISABILITY AND OTHER OPTIONAL INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT AND WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE PREMIUM.

Credit ☐ Life _N/A_ Insurance Company
$ _N/A_ Premium _N/A_ Insured(s)
You want Credit Life Insurance.

_N/A_ Buyer Signs
_N/A_ Co-Buyer Signs

Credit ☐ Disability _N/A_ Insurance Company
$ _N/A_ Premium _N/A_ Insured(s)
You want Credit Disability Insurance.

_N/A_ Buyer Signs
_N/A_ Co-Buyer Signs

### OTHER OPTIONAL INSURANCE

| Coverage and Insurance Company | Premium and Term in Months |
|---|---|
| N/A | $ N/A |
| By N/A | N/A |
| N/A | $ N/A |
| By N/A | N/A |

You want the optional insurance for which premiums are included above.

N/A Buyer Signs
N/A Co-Buyer Signs

Credit Life and Credit Disability Insurance are for the term of the contract. The amount and coverages are shown in a notice or agreement given to you today.

☐ Debt Cancellation Waiver Addendum (Optional)
If this box is checked you have purchased a debt cancellation waiver. Purchase of this coverage is optional and is not required to obtain credit. The terms and conditions of the debt cancellation waiver are set forth in the attached Addendum which is incorporated into this contract. The price for the debt cancellation waiver is set forth on this contract in the Itemization of Amount Financed under section 4.

Buyer Signs N/A

---

Any change in this contract must be in writing and signed by you and the Creditor.

Buyer Signs X EcoCab Portland, LLC By: [signature] (Ron Known Manager)    Co-Buyer Signs X

**YOU ACKNOWLEDGE THAT YOU HAVE READ AND AGREE TO BE BOUND BY THE ARBITRATION PROVISION ON THE REVERSE SIDE OF THIS CONTRACT.**

The Annual Percentage Rate may be negotiated with the Seller. The Seller may assign this contract and may retain its right to receive a portion of the Finance Charge.

### NOTICE TO THE BUYER

Do not sign this contract before you read it or if it contains any blank spaces. You are entitled to an exact copy of the contract you sign.

Buyer (and Co-Buyer) acknowledge that (i) before signing this contract, Buyer (and Co-Buyer) received and reviewed a true and completely filled in copy of this contract and (ii) at the time of signing this contract, Buyer (and Co-Buyer) received a true and completely filled in copy of this contract.

Buyer Signs X EcoCab Portland, LLC By: [signature]    Co-Buyer Signs X
Seller LHM SUPER FORD SALT LAKE CITY X [signature]    Title F&I MGR

**THIS CONTRACT IS NOT VALID UNTIL YOU AND SELLER SIGN IT.**

## ASSIGNMENT

Seller may transfer this contract to another person. That person will then have all Seller's rights, privileges, and remedies. By signing below, the Seller assigns this contract to FORD MOTOR CREDIT CO ("Assignee").
To contact Assignee about this contract, call _____, or visit their website at www.fordcredit.com

Seller LHM SUPER FORD SALT LAKE CITY By X [signature]    Title _____

FC 17643-SI (MAY 15) (Previous editions may NOT be used)
FC 17643-B-SI
SEE OTHER SIDE FOR ADDITIONAL AGREEMENTS

PLY 1 - ORIGINAL

## ADDITIONAL AGREEMENTS

A. **Payments:** You must make all payments in U.S. funds when they are due. You may prepay your debt at any time without penalty. This is a simple finance charge contract. The actual finance charge you agree to pay will depend on your payment patterns. The actual finance charge may exceed the disclosed Finance Charge if you make your payments later than the scheduled dates or in less than the scheduled amount. Your payment will be applied first to the earned and unpaid part of the Finance Charge and then to the unpaid Amount Financed. The Finance Charge is earned by applying the Annual Percentage Rate to the unpaid Amount Financed for the actual time that the unpaid Amount Financed is outstanding.

B. **Balloon Payment Contracts:** If your last installment payment under this contract is a balloon payment as indicated on the front of the contract, you may handle the last installment payment in one of three ways.

First, you may pay all that you owe when the last installment payment is due and keep your motor vehicle.

Second, you may refinance the last installment payment unless you are in default under this contract. If the Creditor has advanced funds to cure any default, you must pay back the Creditor before the refinancing. You also must provide proof of insurance acceptable to Creditor before the refinancing. The Annual Percentage Rate (APR) for the refinancing will be the Creditors prevailing rates at the time of the refinancing. You must meet the Creditors normal credit standards in order to be eligible for refinancing. The term of the refinancing will be based on the amount refinanced, the rate, and the amount of the monthly payment. The refinanced monthly payment shall be the same as in this contract if the refinanced amount will be fully paid within 36 months of the due date of the last installment payment. Otherwise, the monthly payment amount shall be the amount needed to fully pay the refinanced amount within 36 months of the due date of the last installment payment. If you wish to refinance, you must notify the Creditor in writing. Except as discussed in this section, the notice must be received no later than 30 days prior to the due date of the last installment payment.

Third, you may sell the vehicle to the Creditor for an amount equal to the last installment payment. You must pay to the Creditor any other amount owed under this contract. Amounts you owe will be based, in part, on the vehicle's mileage. You also must pay to the Creditor the estimated costs of all repairs to the vehicle that are the result of excess wear and use, as set forth below. You must take the vehicle to a place selected by the Creditor for inspection no later than 15 days prior to the last installment payment due date. After the inspection, if you decide to sell the vehicle to the Creditor, you must give the vehicle to the Creditor no later than the last installment payment due date. At that time, you must also give the Creditor a title, which shows no liens other than the Creditor's lien, transferring ownership to the Creditor or a person selected by the Creditor. After the inspection, if you decide not to sell vehicle to the Creditor, you must immediately contact the Creditor and inform the Creditor whether you want to refinance the last installment payment.

C. **Damage Repair:** If your last installment payment under this contract is a balloon payment and you sell the vehicle back to the Creditor under Paragraph B, you are responsible for repairs of all damage to the vehicle that are not the result of normal wear and use. These repairs include, but are not limited to, those necessary to:

(i) replace any tire not part of a matching set of four or any tire which has less than 1/8 inch of remaining tread;
(ii) repair all mechanical defects;
(iii) repair or replace all dented, scratched, chipped, rusted or mismatched bodypanels, paint or vehicle identification items; all dented, scratched, rusted, pitted, broken or missing trim and grill work; all scratched, cracked, pitted or broken glass; all faulty window mechanisms; all broken or burned out lights; all electronic malfunctions; all interior rips, stains, burns or worn areas; and all damage which would be covered by collision or comprehensive insurance whether or not such insurance is actually in force.

If you have not made the repairs before inspection of the vehicle under Paragraph B, you will owe the estimated costs of such repairs, even if the repairs are not made prior to your sale of the vehicle to the Creditor. If you disagree with the estimated costs of repairs, you may have the repairs made at your expense prior to your sale of the vehicle to the Creditor.

D. **Security Interest:** You give the Creditor a security interest in:
1. The vehicle and all parts or other goods put on the vehicle;
2. All money or goods received for the vehicle; and
3. All insurance premiums and service contracts financed for you.

This secures payment of all amounts you owe under this contract. It also secures your other agreements in this contract.

E. **Use of Vehicle - Warranties:** You must take care of the vehicle and obey all laws in using it. You may not sell or rent the vehicle, and you must keep it free from the claims of others. You will not use or permit the use of the vehicle outside of the United States, except for up to 30 days in Canada or Mexico, without the prior written consent of the Creditor. If the vehicle is of a type normally used for personal use and the Creditor, or the vehicle's manufacturer, extends a written warranty or service contract covering the vehicle within 90 days from the date of this contract, you get implied warranties of merchantability and fitness for a particular purpose covering the vehicle. Otherwise, you understand and agree that there are no such implied warranties, except as otherwise provided by law.

F. **Vehicle Insurance:** You must insure the vehicle against loss or damage from collision, fire or theft. You must name Creditor as the loss payee under the insurance policy. The Creditor must approve the type and amount of insurance. If the vehicle is lost, damaged or destroyed, you must pay the Creditor what is still owed.

You authorize the Creditor can make a claim under the insurance policy. You authorize the insurance company to provide Creditor any information Creditor believes necessary to make a claim. You must use insurance proceeds to repair the vehicle, unless the damage to the vehicle is considered a total loss. If the damage to the vehicle is considered a total loss, you must use the insurance proceeds to pay what you owe the Creditor. If your insurance on the vehicle doesn't pay all you owe, you must pay what is still owed.

G. **Returned Insurance Premiums and Service Contract Charges:** This contract may contain charges for insurance, service contracts, or other contracts. You agree that the Creditor can claim benefits under these contracts and unless prohibited by law, and terminate them to obtain refunds of unearned charges to reduce what you owe. If the Creditor gets a refund on insurance, service contracts, or other contracts, the Creditor will subtract it from what you owe. Once all amounts owed under this contract are paid, any remaining refunds will be paid to you.

H. **Returned Check Charge:** You agree to pay a returned check charge of $20.00 for each check, draft, or other order of payment that is dishonored for any reason.

I. **Default:** You will be in default if:
1. You do not make a payment when it is due; or
2. You gave false or misleading information on your credit application relating to this contract; or
3. Your vehicle is seized by any local, state, or federal authority and is not promptly and unconditionally returned to you; or
4. You file a bankruptcy petition or one is filed against you; or
5. You do not keep any other promise in this contract.

If you default, Creditor can exercise Creditor's rights under this contract and Creditor's other rights under the law.

J. **Repossession:** If you default, the Creditor may require you to pay at once the unpaid Amount Financed, the earned and unpaid part of the Finance Charge and all other amounts due under this contract. Creditor may repossess (take back) the vehicle, too. Creditor may also take goods found in the vehicle when repossessed and hold them for you.

K. **Your Right To Redeem:** If the vehicle is taken back, Creditor will send you a notice. The notice will say that you may redeem (buy back) the vehicle and will explain how to redeem the vehicle. You may redeem the vehicle up to the time the Creditor sells it or agrees to sell it. If you do not redeem the vehicle, it will be sold.

L. **Disposition of Motor Vehicle:** If the vehicle is taken back and sold, the money from the sale, less allowed expenses, will be used to pay the amount still owed on the contract. Allowed expenses include those paid as a direct result of having to retake the vehicle, hold it, prepare it for sale, and sell it. Reasonable lawyer's fees and legal costs are allowed, too. If there is any money left (a surplus), it will be paid to you. If the money from the sale is not enough to pay off this contract and costs, you will pay what is still owed to the Creditor. If you do not pay this amount when the Creditor asks, the Creditor may charge you interest at the highest lawful rate until you pay.

M. **Collection Costs:** Except as otherwise provided by law, you must pay any and all expenses related to enforcing this contract, including collection expenses, lawyers' fees and other legal expenses.

N. **Consumer Reports:** You authorize the Assignee listed on the front of this contract to obtain consumer credit reports from consumer reporting agencies (credit bureaus) for any reason and at any time in connection with this contract.

O. **Servicing and Collection:** You agree that Creditor, Creditor's affiliates, agents and service providers may monitor and record telephone calls regarding your account to assure the quality of our service or for other reasons. You also expressly consent and agree that Creditor, Creditor's affiliates, agents and service providers may use written, electronic or verbal means to contact you. This consent includes, but is not limited to, contact by manual calling methods, prerecorded or artificial voice messages, text messages, emails and/or automatic telephone dialing systems. You agree that Creditor, Creditor's affiliates, agents and service providers may use any email address or any telephone number you provide, now or in the future, including a number for a cellular phone or other wireless device, regardless of whether you incur charges as a result.

P. **Applicable Law:** You agree that this contract will be governed by the laws of the state of Utah.

Q. **General:** This contract contains the entire agreement between Creditor and you relating to the sale and financing of the motor vehicle. If any part of this contract is not valid, all other parts stay valid. If Creditor doesn't enforce Creditor's rights every time, Creditor can still enforce them later. Creditor will exercise all of Creditor's rights in a lawful way.

If the last installment payment under this contract is a balloon payment, Assignee has assigned to QI Exchange, in its capacity as Assignee's qualified intermediary, its rights (but not its obligations) with respect to the purchase and sale of this vehicle.

Buyer acknowledges and accepts assignment of this contract to the Assignee (and any successor to Assignee). Buyer also consents to any subsequent assignment of this contract, and accepts this provision as notice of any such assignment, by Assignee or anyone else without further notice to Buyer. This consent and notice specifically includes any assignment of the security interest in the vehicle financed pursuant to this contract.

---

### FTC NOTICES

NOTICE - ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.*

Used Motor Vehicle Buyers Guide. If you are buying a used vehicle with this contract, federal regulations may require a special Buyers Guide to be displayed on the window of the vehicle. THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

Spanish Translation: Guía para compradores de vehículos usados. LA INFORMACIÓN QUE APARECE EN LA VENTANILLA DE ESTE VEHÍCULO FORMA PARTE DE ESTE CONTRATO. LA INFORMACIÓN CONTENIDA EN EL FORMULARIO DE LA VENTANILLA ANULA CUALQUIER PREVISIÓN QUE ESTABLEZCA LO CONTRARIO Y QUE APAREZCA EN EL CONTRATO DE VENTA.

*Does not apply if purchased for commercial or agricultural use. In that case, you (debtor) will not assert against any assignee or subsequent holder of this Contract any claims, defenses, or setoffs which you may have against the Seller or manufacturer of the vehicle.

---

## GUARANTY

To cause the Seller to sell the vehicle described on the front of this contract to the Buyer on credit, each person who signs below as a "Guarantor" guarantees the payment of this contract. This means that if the Buyer fails to pay any money that is owed on this contract, each person who signs as a guarantor will pay it when asked. Each Guarantor who signs below agrees that he will be liable for the whole amount owed even if one or more other persons also sign this Guaranty. Each Guarantor also agrees to be liable even if the Creditor does one or more of the following: (a) gives the Buyer more time to pay one or more payments, or (b) gives a release in full or in part to any of the other Guarantors, or (c) releases any security. Each Guarantor also states that he has received a completed copy of this contract and this Guaranty at the time of signing.

Guarantor _____ Address 58 Longview Heights Place, Cowlitz, WA 98632

Ron Knori

Guarantor _____ Address _____

---

### READ THIS ARBITRATION PROVISION CAREFULLY AND IN ITS ENTIRETY
### ARBITRATION

Arbitration is a method of resolving any claim, dispute, or controversy (collectively, a "Claim") without filing a lawsuit in court. Either you or Creditor ('us' or 'we') (each, a "Party") may choose at any time, including after a lawsuit is filed, to have any Claim related to this contract decided by arbitration. Neither party waives the right to arbitrate by first filing suit in a court of law. Claims include but are not limited to the following: 1) Claims in contract, tort, regulatory or otherwise; 2) Claims regarding the interpretation, scope, or validity of this provision, or arbitrability of any issue except for class certification; 3) Claims between you and us, your/our employees, agents, successors, assigns, subsidiaries, or affiliates; 4) Claims arising out of or relating to your application for credit, this contract, or any resulting transaction or relationship, including that with the dealer, or any such relationship with third parties who do not sign this contract.

**RIGHTS YOU AND WE AGREE TO GIVE UP**
If either you or we choose to arbitrate a Claim, then you and we agree to waive the following rights:
- RIGHT TO A TRIAL, WHETHER BY A JUDGE OR JURY
- RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR A CLASS MEMBER IN ANY CLASS CLAIM YOU MAY HAVE AGAINST US WHETHER IN COURT OR IN ARBITRATION
- BROAD RIGHTS TO DISCOVERY AS ARE AVAILABLE IN A LAWSUIT
- RIGHT TO APPEAL THE DECISION OF AN ARBITRATOR
- OTHER RIGHTS THAT ARE AVAILABLE IN A LAWSUIT

**RIGHTS YOU AND WE DO NOT GIVE UP:** If a Claim is arbitrated, you and we will continue to have the following rights, without waiving this arbitration provision as to any Claim: 1) Right to file bankruptcy in court; 2) Right to enforce the security interest in the vehicle, whether by repossession or through a court of law; 3) Right to take legal action to enforce the arbitrator's decision; 4) Right to request that a court of law review whether the arbitrator exceeded its authority; and 5) Right to seek remedies in small claims court for disputes or claims within that court's jurisdiction.

You or we may choose the American Arbitration Association, 1-800-778-7879 (www.adr.org), or any other organization subject to our approval, to conduct the arbitration. The applicable rules (the "Rules") may be obtained from the selected organization. If there is a conflict between the Rules and this contract, this contract shall govern. This contract is subject to the Federal Arbitration Act (9 U.S.C. § 1 et seq.). The arbitration decision shall be in writing with a supporting opinion. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. To the extent that the total of your filing, administration, service or case management fee and your arbitrator or hearing fee exceeds $200, we will pay the amount in excess of $200, unless you choose to pay one-half of the total or unless the fees are reallocated in the award under applicable law or the organization's rules.

Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. Any portion of this arbitration provision that is unenforceable shall be severed, and the remaining provisions shall be enforced. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this arbitration provision shall be unenforceable. The validity and scope of the waiver of class action rights shall be decided by the court and not by the arbitrator.

# OREGON VEHICLE CERTIFICATE OF TITLE

OREGON DRIVER AND MOTOR VEHICLE SERVICES CERTIFIES THE PARTY IS LISTED AS OWNER OF THE DESCRIBED VEHICLE. DOCUMENTS FILED WITH DMV SHOW THE VEHICLE IS SUBJECT TO THE OWNERSHIP INTERESTS SPECIFIED.

| PLATE NUMBER | TITLE NUMBER | PROCESS DATE | SURVIVOR | REFERENCE NUMBER | CONTROL NUMBER |
|---|---|---|---|---|---|
| ■■■ | 1703316327 | 020217 | N/N | | |

| YEAR | MAKE | STYLE | MODEL | VEHICLE IDENTIFICATION NUMBER | EQUIPMENT NO. |
|---|---|---|---|---|---|
| 2016 | FORD | VA | TCN | 1FMZK1CM2GKB25954 | |

| OWNER/LESSEE | ODOMETER READING | ODOMETER DATE |
|---|---|---|
| | 10 | 05/17/16 |

ODOMETER MESSAGE

LSE ECO CAB PORTLAND LLC

**TITLE BRANDS**
The title "Brand" printed below indicates the history, condition, or circumstances of the vehicle for which this title has been issued. Please see back of title for more information.

- NONE -

USE THIS SECTION WHEN THE ONLY CHANGE IS TO REMOVE A SECURITY INTEREST. FOR ANY OTHER CHANGES, SEE INSTRUCTIONS ON REVERSE.

If there is no change in owners as shown above AND all security interest holders have released interest, one registered owner must sign and date here, if not completing a separate application for title. In addition, if your address has changed, cross out the old address and write the new address and county of residence on the front of the title. Mail the title and the fee to: DMV, 1905 Lana Ave NE, Salem OR 97314.

SIGNATURE (DOES NOT RELEASE INTEREST)   DATE
X

To release interest in the vehicle, complete the reassignment on back of the title.

SECURITY INTEREST HOLDER/LESSOR

FORD MOTOR CREDIT COMPANY
LSR FORD MOTOR CREDIT COMPANY
PO BOX 105704
ATLANTA GA  30348

SIGNATURE AND COUNTERSIGNATURE OF SECURITY INTEREST HOLDER OR LESSOR RELEASING ALL INTEREST   DATE
X

SIGNATURE AND COUNTERSIGNATURE OF SECURITY INTEREST HOLDER OR LESSOR RELEASING ALL INTEREST   DATE
X

SEE REVERSE OF TITLE FOR APPLICATION INSTRUCTIONS.

VOID WITHOUT CHAIN LINK WATERMARK

1FMZK1CM2GKB25954

# OREGON VEHICLE CERTIFICATE OF TITLE

OREGON DRIVER AND MOTOR VEHICLE SERVICES CERTIFIES THE PARTY IS LISTED AS OWNER OF THE DESCRIBED VEHICLE. DOCUMENTS FILED WITH DMV SHOW THE VEHICLE IS SUBJECT TO THE OWNERSHIP INTERESTS SPECIFIED.

CONTROL NUMBER: [redacted]

| PLATE NUMBER | TITLE NUMBER | PROCESS DATE | SURVIVOR | REFERENCE NUMBER |
|---|---|---|---|---|
| [redacted] | 1625920718 | 091516 | N/N | |

| YEAR | MAKE | STYLE | MODEL | VEHICLE IDENTIFICATION NUMBER | EQUIPMENT NO. |
|---|---|---|---|---|---|
| 2016 | FORD | VA | TCN | 1FMZK1CM2GKB25954 | |

ODOMETER READING: 10
ODOMETER DATE: 05/17/16
ODOMETER MESSAGE:

OWNER/LESSEE:

LSE ECOCAB PORTLAND LLC
[redacted]

## TITLE BRANDS
The title "Brand" printed below indicates the history, condition, or circumstances of the vehicle for which this title has been issued. Please see back of title for more information.

- NONE -

USE THIS SECTION WHEN THE ONLY CHANGE IS TO REMOVE A SECURITY INTEREST. FOR ANY OTHER CHANGES, SEE INSTRUCTIONS ON REVERSE.

If there is no change in owners as shown above AND all security interest holders have released interest, one registered owner must sign and date here, if not completing a separate application for title. In addition, if your address has changed, cross out the old address and write the new address and county of residence on the front of the title. Mail the title and the fee to: DMV, 1905 Lana Ave NE, Salem OR 97314.

SIGNATURE (DOES NOT RELEASE INTEREST) / DATE
X

**To release interest in the vehicle, complete the reassignment on back of the title.**

SECURITY INTEREST HOLDER/LESSOR

FORD MOTOR CREDIT COMPANY
LSR FORD MOTOR CREDIT COMPANY
PO BOX 105704
ATLANTA GA  30348

SIGNATURE AND COUNTERSIGNATURE OF SECURITY INTEREST HOLDER OR LESSOR RELEASING ALL INTEREST / DATE
X

SIGNATURE AND COUNTERSIGNATURE OF SECURITY INTEREST HOLDER OR LESSOR RELEASING ALL INTEREST / DATE
X

SEE REVERSE OF TITLE FOR APPLICATION INSTRUCTIONS.

VOID WITHOUT CHAIN LINK WATERMARK
VOID IF ALTERED OR ERASED

1FMZK1CM2GKB25954

# UTAH VEHICLE RETAIL INSTALLMENT CONTRACT

**DATE:** 05/17/2016

**Ford Credit**
1-800-727-7000
www.fordcredit.com

**Buyer (and Co-Buyer) Name and Address (Including County and Zip Code):**
ECO CAR PORTLAND, LLC

**CREDITOR (Seller Name and Address):**
LHM SUPER FORD SALT LAKE CITY
1340 South 500 West
SALT LAKE CITY, UT 84115

You, the Buyer (and Co-Buyer, if any), may buy the vehicle described below for cash or on credit. The cash price is shown below as "Cash Price." The credit price is shown below as "Total Sale Price." By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract.

| New/Used | Mileage | Year and Make | Model | Vehicle Identification Number | Use For Which Purchased |
|---|---|---|---|---|---|
| New | 70 | 2016 FORD | TRANSIT | 1FMZK1CM6GKB25960 | ☐ Personal ☐ Agricultural ☒ Commercial |

**Trade-In:** N/A

## ITEMIZATION OF AMOUNT FINANCED

1. Cash Price ........................................................ $ 45057.00 (1)
2. Down Payment
   - Third Party Rebate Assigned to Creditor ........... $ N/A
   - Cash Down Payment ..................................... $ 6200.00
   - N/A ........................................................... $ N/A
   - Trade-In (description above) .......................... $ N/A
   - Total Down Payment ..................................... $ 6200.00 (2)
3. Unpaid Balance of Cash Price (1 minus 2) ......... $ 38857.00 (3)
4. Amounts paid on your behalf (Seller may be retaining a portion of these amounts)
   - To Public Officials
     - (i) for license, title & registration fees $ N/A
     - (ii) for official fees $ N/A
     - (iii) for taxes (not in Cash Price) $ N/A  $ N/A
   - To Insurance Companies for:
     - Credit Life Insurance ................................. $ N/A
     - Credit Disability Insurance .......................... $ N/A
     - N/A ......................................................... $ N/A
     - N/A ......................................................... $ N/A
   - To N/A for N/A $ N/A
   - To N/A for N/A $ N/A
   - To N/A for N/A $ N/A
   - To N/A for N/A $ N/A
   - To N/A for N/A $ N/A
   - To N/A for N/A $ N/A
   - To N/A for N/A $ N/A
   - To N/A for N/A $ N/A
   - Total .................................................. $ N/A (4)
5. Amount Financed (3 plus 4) ......................... $ 38857.00 (5)

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate | The dollar amount the credit will cost you | The amount of credit provided to you or on your behalf | The amount you will have paid when you have made all scheduled payments | The total cost of your purchase on credit, including your downpayment of $6200.00 |
| 6.39 % | $6761.00 | $38857.00 | $45618.00 | $51818.00 |

**Your Payment Schedule will be:**

| Number of Payments | Amount of Payments | When Payments are Due ☒Monthly ☐Semi-Annually ☐Annually |
|---|---|---|
| 60 | 760.30 | starting 07/01/2016 |
| N/A | N/A | N/A |
| N/A | N/A | N/A |
| N/A | N/A | N/A |

**Prepayment:** If you pay off your debt early, you will not have to pay a penalty.
**Late Payment:** You must pay a late charge on the portion of each payment received more than 10 days late. The charge is 5 percent of the late amount or $30.00, whichever is greater.
**Security Interest:** You are giving a security interest in the vehicle being purchased.
**Contract:** Please see this contract for additional information on security interest, nonpayment, default, the right to require repayment of your debt in full before the scheduled date, and prepayment penalty.

**COMMERCIAL USE CONTRACT LATE PAYMENT:** If you purchased the vehicle for commercial use, you must pay a late charge on the portion of each late payment received more than 10 days late. The charge is 7.5 percent of the late amount or $50.00, whichever is less.

### BALLOON CONTRACT PROVISIONS
☐ Your last installment payment under this contract is a balloon payment.

**EXCESS WEAR, USE AND MILEAGE CHARGES**
If the box directly above is checked, this section, Paragraph B, and Paragraph C of this contract apply. You may be charged for excessive wear based upon our standards for normal use. If you exercise the option to sell the vehicle back to Creditor under Paragraph B, you must pay the Creditor $0. N/A per mile for each mile in excess of N/A miles shown on the odometer.

**Anti-Theft Product (Optional)**
☐ If this box is checked you purchased the anti-theft product(s) listed below. The purchase of anti-theft product(s) is optional and not required to obtain credit, even if the product(s) is already installed on the vehicle you selected. You may purchase anti-theft product(s) from the person of your choice. By signing below, you agree to purchase the anti-theft product(s) at the price disclosed.

| N/A | $ N/A | Term N/A |
| N/A | $ N/A | Term N/A |
| N/A | $ N/A | Term N/A |

Buyer Signs X

## INSURANCE

YOU ARE REQUIRED TO INSURE THE VEHICLE. YOU MAY OBTAIN VEHICLE INSURANCE FROM A PERSON OF YOUR CHOICE.

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED.

CREDIT LIFE, CREDIT DISABILITY AND OTHER OPTIONAL INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT AND WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE PREMIUM.

Credit ☐ Life N/A
Insurance Company
$ N/A  N/A
Premium   Insured(s)
You want Credit Life Insurance.

N/A
Buyer Signs
N/A
Co-Buyer Signs

Credit ☐ Disability N/A
Insurance Company
$ N/A  N/A
Premium   Insured(s)
You want Credit Disability Insurance.

N/A
Buyer Signs
N/A
Co-Buyer Signs

### OTHER OPTIONAL INSURANCE

| Coverage and Insurance Company | Premium and Term in Months |
|---|---|
| N/A | $ N/A  N/A |
| By N/A | N/A |
| N/A | $ N/A  N/A |
| By N/A | N/A |

You want the optional insurance for which premiums are included above.

N/A
Buyer Signs
N/A
Co-Buyer Signs

Credit Life and Credit Disability Insurance are for the term of the contract. The amount and coverages are shown in a notice or agreement given to you today.

☐ **Debt Cancellation Waiver Addendum (Optional)** If this box is checked you have purchased a debt cancellation waiver. Purchase of this coverage is optional and is not required to obtain credit. The terms and conditions of the debt cancellation waiver are set forth in the attached Addendum which is incorporated into this contract. The price for the debt cancellation waiver is set forth on this contract in the Itemization of Amount Financed under section 4.

Buyer Signs N/A

---

Any change in this contract must be in writing and signed by you and the Creditor.

Buyer Signs X EcoCar-Portland, LLC By: [signature] Ron Kinger, Managing Member
Co-Buyer Signs X

YOU ACKNOWLEDGE THAT YOU HAVE READ AND AGREE TO BE BOUND BY THE ARBITRATION PROVISION ON THE REVERSE SIDE OF THIS CONTRACT.

The Annual Percentage Rate may be negotiated with the Seller. The Seller may assign this contract and may retain its right to receive a portion of the Finance Charge.

### NOTICE TO THE BUYER

Do not sign this contract before you read it or if it contains any blank spaces. You are entitled to an exact copy of the contract you sign.

Buyer (and Co-Buyer) acknowledge that (i) **before signing this contract**, Buyer (and Co-Buyer) received and reviewed a true and completely filled in copy of this contract and (ii) **at the time of signing this contract**, Buyer (and Co-Buyer) received a true and completely filled in copy of this contract.

Buyer Signs X EcoCar-Portland, LLC By: [signature]
Co-Buyer Signs X
Seller LHM SUPER FORD SALT LAKE CITY X [signature]  Title F1 MGR
THIS CONTRACT IS NOT VALID UNTIL YOU AND SELLER SIGN IT.

## ASSIGNMENT

Seller may transfer this contract to another person. That person will then have all Seller's rights, privileges, and remedies. By signing below, the Seller assigns this contract to FORD MOTOR CREDIT CO ("Assignee").
To contact Assignee about this contract, call _____, or visit their website at www.fordcredit.com

Seller LHM SUPER FORD SALT LAKE CITY By X [signature]  Title _____

FC 17643-SI (MAY 16) (Previous editions may NOT be used.)
FC 17643-B-SI    SEE OTHER SIDE FOR ADDITIONAL AGREEMENTS

ORIGINAL
PLY 1 - ORIGINAL ...

## ADDITIONAL AGREEMENTS

**A. Payments:** You must make all payments in U.S. funds when they are due. You may prepay your debt at any time without penalty. This is a simple finance charge contract. The actual finance charge you agree to pay will depend on your payment patterns. The actual finance charge may exceed the disclosed Finance Charge if you make your payments later than the scheduled dates or in less than the scheduled amount. Your payment will be applied first to the earned and unpaid part of the Finance Charge and then to the unpaid Amount Financed. The Finance Charge is earned by applying the Annual Percentage Rate to the unpaid Amount Financed for the actual time that the unpaid Amount Financed is outstanding.

**B. Balloon Payment Contracts:** If your last installment payment under this contract is a balloon payment as indicated on the front of the contract, you may handle the last installment payment in one of three ways.

First, you may pay all that you owe when the last installment payment is due and keep your motor vehicle.

Second, you may refinance the last installment payment unless you are in default under this contract. If the Creditor has advanced funds to cure any default, you must pay back the Creditor before the refinancing. You also must provide proof of insurance acceptable to Creditor before the refinancing. The Annual Percentage Rate (APR) for the refinancing will be the Creditor's prevailing rates at the time of the refinancing. You must meet the Creditor's normal credit standards in order to be eligible for refinancing. The term of the refinancing will be based on the amount refinanced, the rate, and the amount of the monthly payment. The refinanced monthly payment shall be the same as in this contract if the refinanced amount will be fully paid within 36 months of the due date of the last installment payment. Otherwise, the monthly payment amount shall be the amount needed to fully pay the refinanced amount within 36 months of the due date of the last installment payment. If you wish to refinance, you must notify the Creditor in writing. Except as discussed in this section, the notice must be received no later than 30 days prior to the due date of the last installment payment.

Third, you may sell the vehicle to the Creditor for an amount equal to the last installment payment. You must pay to the Creditor any other amount owed under this contract. Amounts you owe will be based, in part, on the vehicle's mileage. You also must pay to the Creditor the estimated costs of all repairs to the vehicle that are the result of excess wear and use, as set forth below. You must take the vehicle to a place selected by the Creditor for inspection no later than 15 days prior to the last installment payment due date. After the inspection, if you decide to sell the vehicle to the Creditor, you must give the vehicle to the Creditor no later than the last installment payment due date. At that time, you must also give the Creditor a title, which shows no liens other than the Creditor's lien, transferring ownership to the Creditor or a person selected by the Creditor. After the inspection, if you decide not to sell the vehicle to the Creditor, you must immediately contact the Creditor and inform the Creditor whether you want to refinance the last installment payment.

**C. Damage Repair:** If your last installment payment under this contract is a balloon payment and you sell the vehicle back to the Creditor under Paragraph B, you are responsible for repairs of all damage to the vehicle that are not the result of normal wear and use. These repairs include, but are not limited to, those necessary to:
(i) replace any tire not part of a matching set of four or any tire which has less than 1/8 inch of remaining tread;
(ii) repair all mechanical defects;
(iii) repair or replace all dented, scratched, chipped, rusted or mismatched body panels; paint or vehicle identification items; all dented, scratched, rusted, pitted, broken or missing trim and grill work; all scratched, cracked, pitted or broken glass; all faulty window mechanisms; all broken or burned out lights; all electronic malfunctions; all interior rips, stains, burns or worn areas; and all damage which would be covered by collision or comprehensive insurance whether or not such insurance is actually in force.

If you have not made the repairs before inspection of the vehicle under Paragraph B, you will owe the estimated costs of such repairs, even if the repairs are not made prior to your sale of the vehicle to the Creditor. If you disagree with the estimated costs of repairs, you may have the repairs made at your expense prior to your sale of the vehicle to the Creditor.

**D. Security Interest:** You give the Creditor a security interest in:
1. The vehicle and all parts or other goods put on the vehicle;
2. All money or goods received for the vehicle; and
3. All insurance premiums and service contracts financed for you.

This secures payment of all amounts you owe under this contract. It also secures your other agreements in this contract.

**E. Use of Vehicle - Warranties:** You must take care of the vehicle and obey all laws in using it. You may not sell or rent the vehicle, and you must keep it free from the claims of others. You will not use or permit the use of the vehicle outside of the United States, except for up to 30 days in Canada or Mexico, without the prior written consent of the Creditor. If the vehicle is of a type normally used for personal use and the Creditor, or the vehicle's manufacturer, extends a written warranty or service contract covering the vehicle within 90 days from the date of this contract, you get implied warranties of merchantability and fitness for a particular purpose covering the vehicle. Otherwise, you understand and agree that there are no such implied warranties, except as otherwise provided by law.

**F. Vehicle Insurance:** You must insure the vehicle against loss or damage from collision, fire or theft. You must name Creditor as the loss payee under the insurance policy. The Creditor must approve the type and amount of insurance. If the vehicle is lost, damaged or destroyed, you must pay the Creditor what is still owed.

You agree that the Creditor can make a claim under the insurance policy. You authorize the insurance company to provide Creditor any information Creditor believes necessary to make a claim. You must use insurance proceeds to repair the vehicle, unless the damage to the vehicle is considered a total loss. If the damage to the vehicle is considered a total loss, you must use the insurance proceeds to pay what you owe the Creditor. If your insurance on the vehicle doesn't pay all you owe, you must pay what is still owed.

**G. Returned Insurance Premiums and Service Contract Charges:** This contract may contain charges for insurance, service contracts, or other contracts. You agree that the Creditor can claim benefits under these contracts and unless prohibited by law, and terminate them to obtain refunds of unearned charges to reduce what you owe. If the Creditor gets a refund on insurance, service contracts, or other contracts, the Creditor will subtract it from what you owe. Once all amounts owed under this contract are paid, any remaining refunds will be paid to you.

**H. Returned Check Charge:** You agree to pay a returned check charge of $20.00 for each check, draft, or other order of payment that is dishonored for any reason.

**I. Default:** You will be in default if:
1. You do not make a payment when it is due; or
2. You gave false or misleading information on your credit application relating to this contract; or
3. Your vehicle is seized by any local, state, or federal authority and is not promptly and unconditionally returned to you; or
4. You file a bankruptcy petition or one is filed against you; or
5. You do not keep any other promise in this contract.

If you default, Creditor can exercise Creditor's rights under this contract and Creditor's other rights under the law.

**J. Repossession:** If you default, the Creditor may require you to pay at once the unpaid Amount Financed, the earned and unpaid part of the Finance Charge and all other amounts due under this contract. Creditor may repossess (take back) the vehicle, too. Creditor may also take goods found in the vehicle when repossessed and hold them for you.

**K. Your Right To Redeem:** If the vehicle is taken back, Creditor will send you a notice. The notice will say that you may redeem (buy back) the vehicle and will explain how to redeem the vehicle. You may redeem the vehicle up to the time the Creditor sells it or agrees to sell it. If you do not redeem the vehicle, it will be sold.

**L. Disposition of Motor Vehicle:** If the vehicle is taken back and sold, the money from the sale, less allowed expenses, will be used to pay the amount still owed on the contract. Allowed expenses include those paid as a direct result of having to retake the vehicle, hold it, prepare it for sale, and sell it. Reasonable lawyer's fees and legal costs are allowed, too. If there is any money left (a surplus), it will be paid to you. If the money from the sale is not enough to pay off this contract and costs, you will pay what is still owed to the Creditor. If you do not pay this amount when the Creditor asks, the Creditor may charge you interest at the highest lawful rate until you pay.

**M. Collection Costs:** Except as otherwise provided by law, you must pay any and all expenses related to enforcing this contract, including collection expenses, lawyers' fees and other legal expenses.

**N. Consumer Reports:** You authorize the Assignee listed on the front of this contract to obtain consumer credit reports from consumer reporting agencies (credit bureaus) for any reason and at any time in connection with this contract.

**O. Servicing and Collection:** You agree that Creditor, Creditor's affiliates, agents and service providers may monitor and record telephone calls regarding your account to assure the quality of our service or for other reasons. You also expressly consent and agree that Creditor, Creditor's affiliates, agents and service providers may use written, electronic or verbal means to contact you. This consent includes, but is not limited to, contact by manual calling methods, prerecorded or artificial voice messages, text messages, emails and/or automatic telephone dialing systems. You agree that Creditor, Creditor's affiliates, agents and service providers may use any email address or any telephone number you provide, now or in the future, including a number for a cellular phone or other wireless device, regardless of whether you incur charges as a result.

**P. Applicable Law:** You agree that this contract will be governed by the laws of the state of Utah.

**Q. General:** This contract contains the entire agreement between Creditor and you relating to the sale and financing of the motor vehicle. If any part of this contract is not valid, all other parts stay valid. If Creditor doesn't enforce Creditor's rights every time, Creditor can still enforce them later. Creditor will exercise all of Creditor's rights in a lawful way.

If the last installment payment under this contract is a balloon payment, Assignee has assigned to QI Exchange, in its capacity as Assignee's qualified intermediary, its rights (but not its obligations) with respect to the purchase and sale of this vehicle.

Buyer acknowledges and accepts assignment of this contract to the Assignee (and any successor to Assignee). Buyer also consents to any subsequent assignment of this contract, and accepts this provision as notice of any such assignment, by Assignee or anyone else without further notice to Buyer. This consent and notice specifically includes any assignment of the security interest in the vehicle financed pursuant to this contract.

### FTC NOTICES

NOTICE - ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.*

Used Motor Vehicle Buyers Guide. If you are buying a used vehicle with this contract, federal regulations may require a special Buyers Guide to be displayed on the window of the vehicle. THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

Spanish Translation: Guía para compradors de vehiculos usados. LA INFORMACION QUE APARECE EN LA VENTANILLA DE ESTE VEHICUELO FORMA PARTE DE ESTE CONTRATO. LA INFORMACION CONTENIDA EN EL FORMULARIO DE LA VENTANILLA ANULA CUALQUIER PREVISION QUE ESTABLEZCA LO CONTRARIO Y QUE APAREZCA EN EL CONTRATO DE VENTA.

*Does not apply if purchased for commercial or agricultural use. In that case, you (debtor) will not assert against any assignee or subsequent holder of this Contract any claims, defenses, or setoffs which you may have against the Seller or manufacturer of the vehicle.

### GUARANTY

To cause the Seller to sell the vehicle described on the front of this contract to the Buyer on credit, each person who signs below as a "Guarantor" guarantees the payment of this contract. This means that if the Buyer fails to pay any money that is owed on this contract, each person who signs as a guarantor will pay it when asked. Each Guarantor who signs below agrees that he will be liable for the whole amount owed even if one or more other persons also signs this Guaranty. Each Guarantor also agrees to be liable even if the Creditor does one or more of the following: (a) gives the Buyer more time to pay one or more payments, or (b) gives a release in full or in part to any of the other Guarantors, or (c) releases any security. Each Guarantor also states that he has received a completed copy of this contract and this Guaranty at the time of signing.

Guarantor _____ Address 58 Longview Heights Place, Cowlitz, WA 98632

Ben Knori

Guarantor _____ Address _____

### READ THIS ARBITRATION PROVISION CAREFULLY AND IN ITS ENTIRETY
### ARBITRATION

Arbitration is a method of resolving any claim, dispute, or controversy (collectively, a "Claim") without filing a lawsuit in court. Either you or Creditor ("us" or "we") (each, a "Party") may choose at any time, including after a lawsuit is filed, to have any Claim related to this contract decided by arbitration. Neither party waives the right to arbitrate by first filing suit in a court of law. Claims include but are not limited to the following: 1) Claims in contract, tort, regulatory or otherwise; 2) Claims regarding the interpretation, scope, or validity of this provision, or arbitrability of any issue except for class certification; 3) Claims between you and us, your/our employees, agents, successors, assigns, subsidiaries, or affiliates; 4) Claims arising out of or relating to your application for credit, this contract, or any resulting transaction or relationship, including that with the dealer, or any such relationship with third parties who do not sign this contract.

RIGHTS YOU AND WE AGREE TO GIVE UP:
If either you or we choose to arbitrate a Claim, then you and we agree to waive the following rights:
- RIGHT TO A TRIAL, WHETHER BY A JUDGE OR JURY
- RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR A CLASS MEMBER IN ANY CLASS CLAIM YOU MAY HAVE AGAINST US WHETHER IN COURT OR IN ARBITRATION
- BROAD RIGHTS TO DISCOVERY AS ARE AVAILABLE IN A LAWSUIT
- RIGHT TO APPEAL THE DECISION OF AN ARBITRATOR
- OTHER RIGHTS THAT ARE AVAILABLE IN A LAWSUIT

RIGHTS YOU AND WE DO NOT GIVE UP: If a Claim is arbitrated, you and we will continue to have the following rights, without waiving this arbitration provision as to any Claim: 1) Right to file bankruptcy in court; 2) Right to enforce the security interest in the vehicle, whether by repossession or through a court of law; 3) Right to take legal action to enforce the arbitrator's decision; 4) Right to request that a court of law review whether the arbitrator exceeded its authority; and 5) Right to seek remedies in small claims court for disputes or claims within that court's jurisdiction.

You or we may choose the American Arbitration Association, 1-800-778-7879 (www.adr.org), or any other organization subject to our approval, to conduct the arbitration. The applicable rules (the "Rules") may be obtained from the selected organization. If there is a conflict between the Rules and this contract, this contract shall govern. This contract is subject to the Federal Arbitration Act (9 U.S.C. § 1 et seq.). The arbitration decision shall be in writing with a supporting opinion. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. To the extent that the total of your filing, administration, service or case management fee and your arbitrator or hearing fee exceeds $200, we will pay the amount in excess of $200, unless you choose to pay one-half of the total or unless the fees are reallocated in the award under applicable law or the organization's rules.

Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. Any portion of this arbitration provision that is unenforceable shall be severed, and the remaining provisions shall be enforced. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this arbitration provision shall be unenforceable. The validity and scope of the waiver of class action rights shall be decided by the court and not by the arbitrator.

FC 17643-SI (MAY 15) (Previous editions may NOT be used.) SEE OTHER SIDE FOR ADDITIONAL AGREEMENTS
FC 17643-B-SI

# OREGON VEHICLE CERTIFICATE OF TITLE

OREGON DRIVER AND MOTOR VEHICLE SERVICES CERTIFIES THE PARTY IS LISTED AS OWNER OF THE DESCRIBED VEHICLE. DOCUMENTS FILED WITH DMV SHOW THE VEHICLE IS SUBJECT TO THE OWNERSHIP INTERESTS SPECIFIED.

| PLATE NUMBER | TITLE NUMBER | PROCESS DATE | SURVIVOR | REFERENCE NUMBER |
|---|---|---|---|---|
| | 1625920720 | 091516 | N/N | |

| YEAR | MAKE | STYLE | MODEL | VEHICLE IDENTIFICATION NUMBER | EQUIPMENT NO. |
|---|---|---|---|---|---|
| 2016 | FORD | VA | TCN | 1FMZK1CM8GKB25960 | |

OWNER/LESSEE

SE ECOCAB PORTLAND LLC

ODOMETER READING: 10
ODOMETER DATE: 05/17/16
ODOMETER MESSAGE:

**TITLE BRANDS**
The title "Brand" printed below indicates the history, condition, or circumstances of the vehicle for which this title has been issued. Please see back of title for more information.

- NONE -

USE THIS SECTION WHEN THE ONLY CHANGE IS TO REMOVE A SECURITY INTEREST. FOR ANY OTHER CHANGES, SEE INSTRUCTIONS ON REVERSE.

If there is no change in owners as shown above AND all security interest holders have released interest, **one registered owner must sign and date here**, if not completing a separate application for title. In addition, if your address has changed, cross out the old address and write the new address and county of residence on the front of the title. Mail the title and the fee to: DMV, 1905 Lana Ave NE, Salem OR 97314.

SIGNATURE (DOES NOT RELEASE INTEREST): X
DATE:

**To release interest in the vehicle, complete the reassignment on back of the title.**

SECURITY INTEREST HOLDER/LESSOR

FORD MOTOR CREDIT COMPANY
LSR FORD MOTOR CREDIT COMPANY
PO BOX 105704
ATLANTA GA 30348

SIGNATURE AND COUNTERSIGNATURE OF SECURITY INTEREST HOLDER OR LESSOR RELEASING ALL INTEREST: X   DATE:

SIGNATURE AND COUNTERSIGNATURE OF SECURITY INTEREST HOLDER OR LESSOR RELEASING ALL INTEREST: X   DATE:

**SEE REVERSE OF TITLE FOR APPLICATION INSTRUCTIONS.**

VOID WITHOUT CHAIN LINK WATERMARK

1FMZK1CM8GKB25960

# UTAH VEHICLE RETAIL INSTALLMENT CONTRACT

**DATE:** 05/17/2016

**Ford Credit** — 1-800-727-7000 — www.fordcredit.com

**Buyer (and Co-Buyer) Name and Address (Including County and Zip Code):**
ECO CAB PORTLAND, LLC

**CREDITOR (Seller Name and Address):**
LHM SUPER FORD SALT LAKE CITY
1340 South 500 West
SALT LAKE CITY, UT 84115

You, the Buyer (and Co-Buyer, if any), may buy the vehicle described below for cash or on credit. The cash price is shown below as "Cash Price." The credit price is shown below as "Total Sale Price." By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract.

| New/Used | Mileage | Year and Make | Model | Vehicle Identification Number | Use For Which Purchased |
|---|---|---|---|---|---|
| New | 20 | 2016 FORD | TRANSIT | 1FMZK1CM3GKA15513 | ☒ Commercial |

**Trade-in:** N/A — Year and Make — Gross Allowance $ N/A — Amount Owing $ N/A

## ITEMIZATION OF AMOUNT FINANCED

1. Cash Price ........................................................... $ 52312.00 (1)
2. Down Payment
   - Third Party Rebate Assigned to Creditor ........... $ 4250.00
   - Cash Down Payment ............................................ $ 6200.00
   - N/A ...................................................................... $ N/A
   - Trade-in (description above) .............................. $ N/A
   - Total Down Payment ........................................... $ 10450.00 (2)
3. Unpaid Balance of Cash Price (1 minus 2) ........... $ 41862.00 (3)
4. Amounts paid on your behalf (Seller may be retaining a portion of these amounts)
   - To Public Officials
     - (i) for license, title & registration fees $ N/A
     - (ii) for official fees $ N/A
     - (iii) for taxes (not in Cash Price) $ N/A — $ N/A
   - To Insurance Companies for:
     - Credit Life Insurance ........................................ $ N/A
     - Credit Disability Insurance ............................... $ N/A
     - N/A ................................................................... $ N/A
     - N/A ................................................................... $ N/A
   - To N/A for N/A $ N/A — $ N/A
   - To N/A for N/A $ N/A — $ N/A
   - To N/A for N/A $ N/A — $ N/A
   - To N/A for N/A $ N/A — $ N/A
   - To N/A for N/A $ N/A — $ N/A
   - To N/A for N/A $ N/A — $ N/A
   - To N/A for N/A $ N/A — $ N/A
   - To N/A for N/A $ N/A — $ N/A
   - Total .................................................................... $ (4)
5. Amount Financed (3 plus 4) .................................. $ 41862.00 (5)

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE (The cost of your credit as a yearly rate) | FINANCE CHARGE (The dollar amount the credit will cost you) | Amount Financed (The amount of credit provided to you or on your behalf) | Total of Payments (The amount you will have paid when you have made all scheduled payments) | Total Sale Price (The total cost of your purchase on credit, including your downpayment of $ 10450.00) |
|---|---|---|---|---|
| 6.39 % | $ 7203.40 | $ 41862.00 | $ 49145.40 | $ 59595.40 |

**Your Payment Schedule will be:**

| Number of Payments | Amount of Payments | When Payments are Due ☒ Monthly ☐ Semi-Annually ☐ Annually |
|---|---|---|
| 60 | 819.09 | starting 07/01/2016 |
| N/A | N/A | N/A |
| N/A | N/A | N/A |
| N/A | N/A | N/A |

**Prepayment:** If you pay off your debt early, you will not have to pay a penalty.
**Late Payment:** You must pay a late charge on the portion of each payment received more than 10 days late. The charge is 5 percent of the late amount or $30.00, whichever is greater.
**Security Interest:** You are giving a security interest in the vehicle being purchased.
**Contract:** Please see this contract for additional information on security interest, nonpayment, default, the right to require repayment of your debt in full before the scheduled date, and prepayment penalty.

**COMMERCIAL USE CONTRACT LATE PAYMENT:** If you purchased the vehicle for commercial use, you must pay a late charge on the portion of each late payment received more than 10 days late. The charge is 7.5 percent of the late amount or $50.00, whichever is less.

### BALLOON CONTRACT PROVISIONS
☐ Your last installment payment under this contract is a balloon payment.

### EXCESS WEAR, USE AND MILEAGE CHARGES
If the box directly above is checked, this section, Paragraph B, and Paragraph C of this contract apply. You may be charged for excessive wear based upon our standards for normal use. If you exercise the option to sell the vehicle back to Creditor under Paragraph B, you must pay the Creditor $0. __N/A__ per mile for each mile in excess of __N/A__ miles shown on the odometer.

### Anti-Theft Product (Optional)
☐ If this box is checked you purchased the anti-theft product(s) listed below. The purchase of anti-theft product(s) is optional and not required to obtain credit, even if the product(s) is already installed on the vehicle you selected. You may purchase anti-theft product(s) from the person of your choice. By signing below, you agree to purchase the anti-theft product(s) at the price disclosed.

| N/A | $ N/A | Term N/A |
| N/A | $ N/A | Term N/A |
| N/A | $ N/A | Term N/A |

Buyer Signs **X**

## INSURANCE

YOU ARE REQUIRED TO INSURE THE VEHICLE. YOU MAY OBTAIN VEHICLE INSURANCE FROM A PERSON OF YOUR CHOICE.

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED.

CREDIT LIFE, CREDIT DISABILITY AND OTHER OPTIONAL INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT AND WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE PREMIUM.

**Credit Life** N/A — Insurance Company N/A
$ N/A Premium — N/A Insured(s)
You want Credit Life Insurance.
N/A Buyer Signs
N/A Co-Buyer Signs

**Credit Disability** N/A — Insurance Company N/A
$ N/A Premium — N/A Insured(s)
You want Credit Disability Insurance.
N/A Buyer Signs
N/A Co-Buyer Signs

### OTHER OPTIONAL INSURANCE

| Coverage and Insurance Company | Premium and Term in Months |
|---|---|
| N/A | $ N/A |
| By N/A | N/A |
| N/A | $ N/A |
| By N/A | N/A |

You want the optional insurance for which premiums are included above.
N/A Buyer Signs
N/A Co-Buyer Signs

Credit Life and Credit Disability Insurance are for the term of the contract. The amount and coverages are shown in a notice or agreement given to you today.

☐ **Debt Cancellation Waiver Addendum (Optional)**
If this box is checked you have purchased a debt cancellation waiver. Purchase of this coverage is optional and is not required to obtain credit. The terms and conditions of the debt cancellation waiver are set forth in the attached Addendum which is incorporated into this contract. The price for the debt cancellation waiver is set forth on this contract in the Itemization of Amount Financed under section 4.

Buyer Signs N/A

---

Any change in this contract must be in writing and signed by you and the Creditor.

Buyer Signs **X** EcoCab Portland, LLC By: [signature] Ron Kngvi, Managing Member
Co-Buyer Signs **X**

YOU ACKNOWLEDGE THAT YOU HAVE READ AND AGREE TO BE BOUND BY THE ARBITRATION PROVISION ON THE REVERSE SIDE OF THIS CONTRACT.

The Annual Percentage Rate may be negotiated with the Seller. The Seller may assign this contract and may retain its right to receive a portion of the Finance Charge.

### NOTICE TO THE BUYER
Do not sign this contract before you read it or if it contains any blank spaces. You are entitled to an exact copy of the contract you sign.

Buyer (and Co-Buyer) acknowledge that (i) **before signing this contract**, Buyer (and Co-Buyer) received and reviewed a true and completely filled in copy of this contract and (ii) **at the time of signing this contract**, Buyer (and Co-Buyer) received a true and completely filled in copy of this contract.

Buyer Signs **X** EcoCab Portland, LLC By: [signature]
Co-Buyer Signs **X**
Seller LHM SUPER FORD SALT LAKE CITY By: **X** [signature] — Title F1 MGR
THIS CONTRACT IS NOT VALID UNTIL YOU AND SELLER SIGN IT.

## ASSIGNMENT
Seller may transfer this contract to another person. That person will then have all Seller's rights, privileges, and remedies. By signing below, the Seller assigns this contract to **FORD MOTOR CREDIT CO** ("Assignee").
To contact Assignee about this contract, call _____, or visit their website at www.fordcredit.com
LHM SUPER FORD SALT LAKE CITY
Seller — By: **X** [signature] — Title _____

FC 17643-SI (MAY 15) (Previous editions may NOT be used.)
FC 17643-B-SI
SEE OTHER SIDE FOR ADDITIONAL AGREEMENTS

**ORIGINAL**
PLY 1 – ORIGINAL  PLY 2 – BUYER'S COPY  PLY 3 – CO-BUYER/GUARANTOR COPY  PLY 4 – SELLER'S COPY (NON-TRANSFERABLE)

# ADDITIONAL AGREEMENTS

**A. Payments:** You must make all payments in U.S. funds when they are due. You may prepay your debt at any time without penalty. This is a simple finance charge contract. The actual finance charge you agree to pay will depend on your payment patterns. The actual finance charge may exceed the disclosed Finance Charge if you make your payments later than the scheduled dates or in less than the scheduled amount. Your payment will be applied first to the earned and unpaid part of the Finance Charge and then to the unpaid Amount Financed. The Finance Charge is earned by applying the Annual Percentage Rate to the unpaid Amount Financed for the actual time that the unpaid Amount Financed is outstanding.

**B. Balloon Payment Contracts:** If your last installment payment under this contract is a balloon payment as indicated on the front of the contract, you may handle the last installment payment in one of three ways.

First, you may pay all that you owe when the last installment payment is due and keep your motor vehicle.

Second, you may refinance the last installment payment unless you are in default under this contract. If the Creditor has advanced funds to cure any default, you must pay back the Creditor before the refinancing. You also must provide proof of insurance acceptable to Creditor before the refinancing. The Annual Percentage Rate (APR) for the refinancing will be the Creditors prevailing rates at the time of the refinancing. You must meet the Creditors normal credit standards in order to be eligible for refinancing. The term of the refinancing will be based on the amount refinanced, the rate, and the amount of the monthly payment. The refinanced monthly payment shall be the same as in this contract if the refinanced amount will be fully paid within 36 months of the due date of the last installment payment. Otherwise, the monthly payment amount shall be the amount needed to fully pay the refinanced amount within 36 months of the due date of the last installment payment. If you wish to refinance, you must notify the Creditor in writing. Except as discussed in this section, the notice must be received no later than 30 days prior to the due date of the last installment payment.

Third, you may sell the vehicle to the Creditor for an amount equal to the last installment payment. You must pay to the Creditor any other amount owed under this contract. Amounts you owe will be based, in part, on the vehicle's mileage. You also must pay to the Creditor the estimated costs of all repairs to the vehicle that are the result of excess wear and use, as set forth below. You must take the vehicle to a place selected by the Creditor for inspection no later than 15 days prior to the last installment payment due date. After the inspection, if you decide to sell the vehicle to the Creditor, you must give the vehicle to the Creditor no later than the last installment payment due date. At that time, you must also give the Creditor a title, which shows no liens other than the Creditor's lien, transferring ownership to the Creditor or a person selected by the Creditor. After the inspection, if you decide not to sell vehicle to the Creditor, you must immediately contact the Creditor and inform the Creditor whether you want to refinance the last installment payment.

**C. Damage Repair:** If your last installment payment under this contract is a balloon payment and you sell the vehicle back to the Creditor under Paragraph B, you are responsible for repairs of all damage to the vehicle that are not the result of normal wear and use. These repairs include, but are not limited to, those necessary to:
(i) replace any tire not part of a matching set of four or any tire which has less than 1/8 inch of remaining tread;
(ii) repair all mechanical defects;
(iii) repair or replace all dented, scratched, chipped, rusted or mismatched body panels, paint or vehicle identification items; all dented, scratched, rusted, pitted, broken or missing trim and grill work; all scratched, cracked, pitted or broken glass; all faulty window mechanisms; all broken or burned out lights; all electronic malfunctions; all interior rips, stains, burns or worn areas; and all damage which would be covered by collision or comprehensive insurance whether or not such insurance is actually in force.

If you have not made the repairs before inspection of the vehicle under Paragraph B, you will owe the estimated costs of such repairs, even if the repairs are not made prior to your sale of the vehicle to the Creditor. If you disagree with the estimated costs of repairs, you may have the repairs made at your expense prior to your sale of the vehicle to the Creditor.

**D. Security Interest:** You give the Creditor a security interest in:
1. The vehicle and all parts or other goods put on the vehicle;
2. All money or goods received for the vehicle; and
3. All insurance premiums and service contracts financed for you.

This secures payment of all amounts you owe under this contract. It also secures your other agreements in this contract.

**E. Use of Vehicle - Warranties:** You must take care of the vehicle and obey all laws in using it. You may not sell or rent the vehicle, and you must keep it free from the claims of others. You will not use or permit the use of the vehicle outside of the United States, except for up to 30 days in Canada or Mexico, without the prior written consent of the Creditor. If the vehicle is of a type normally used for personal use and the **Creditor, or the vehicle's manufacturer, extends a written warranty or service contract covering the vehicle within 90 days from the date of this contract, you get implied warranties of merchantability and fitness for a particular purpose covering the vehicle.** Otherwise, you understand and agree that there are no such implied warranties, except as otherwise provided by law.

**F. Vehicle Insurance:** You must insure the vehicle against loss or damage from collision, fire or theft. You must name Creditor as the loss payee under the insurance policy. The Creditor must approve the type and amount of insurance. **If the vehicle is lost, damaged or destroyed, you must pay the Creditor what is still owed.**

You agree that the Creditor can make a claim under the insurance policy. You authorize the insurance company to provide Creditor any information Creditor believes necessary to make a claim. You must use insurance proceeds to repair the vehicle, unless the damage to the vehicle is considered a total loss. If the damage to the vehicle is considered a total loss, you must use the insurance proceeds to pay what you owe the Creditor. If your insurance on the vehicle doesn't pay all you owe, you must pay what is still owed.

**G. Returned Insurance Premiums and Service Contract Charges:** This contract may contain charges for insurance, service contracts, or other contracts. You agree that the Creditor can claim benefits under these contracts and unless prohibited by law, and terminate them to obtain refunds of unearned charges to reduce what you owe. If the Creditor gets a refund on insurance, service contracts, or other contracts, the Creditor will subtract it from what you owe. Once all amounts owed under this contract are paid, any remaining refunds will be paid to you.

**H. Returned Check Charge:** You agree to pay a returned check charge of $20.00 for each check, draft, or other order of payment that is dishonored for any reason.

**I. Default:** You will be in default if:
1. You do not make a payment when it is due; or
2. You gave false or misleading information on your credit application relating to this contract; or
3. Your vehicle is seized by any local, state, or federal authority and is not promptly and unconditionally returned to you; or
4. You file a bankruptcy petition or one is filed against you; or
5. You do not keep any other promise in this contract.

If you default, Creditor can exercise Creditor's rights under this contract and Creditor's other rights under the law.

**J. Repossession:** If you default, the Creditor may require you to pay at once the unpaid Amount Financed, the earned and unpaid part of the Finance Charge and all other amounts due under this contract. Creditor may repossess (take back) the vehicle, too. Creditor may also take goods found in the vehicle when repossessed and hold them for you.

**K. Your Right To Redeem:** If the vehicle is taken back, Creditor will send you a notice. The notice will say that you may redeem (buy back) the vehicle and will explain how to redeem the vehicle. You may redeem the vehicle up to the time the Creditor sells it or agrees to sell it. If you do not redeem the vehicle, it will be sold.

**L. Disposition of Motor Vehicle:** If the vehicle is taken back and sold, the money from the sale, less allowed expenses, will be used to pay the amount still owed on the contract. Allowed expenses include those paid as a direct result of having to retake the vehicle, hold it, prepare it for sale, and sell it. Reasonable lawyer's fees and legal costs are allowed, too. If there is any money left a (surplus), it will be paid to you. If the money from the sale is not enough to pay off this contract and costs, you will pay what is still owed to the Creditor. If you do not pay this amount when the Creditor asks, the Creditor may charge you interest at the highest lawful rate until you pay.

**M. Collection Costs:** Except as otherwise provided by law, you must pay any and all expenses related to enforcing this contract, including collection expenses, lawyers' fees and other legal expenses.

**N. Consumer Reports:** You authorize the Assignee listed on the front of this contract to obtain consumer credit reports from consumer reporting agencies (credit bureaus) for any reason and at any time in connection with this contract.

**O. Servicing and Collection:** You agree that Creditor, Creditor's affiliates, agents and service providers may monitor and record telephone calls regarding your account to assure the quality of our service or for other reasons. You also expressly consent and agree that Creditor, Creditor's affiliates, agents and service providers may use written, electronic or verbal means to contact you. This consent includes, but is not limited to, contact by manual calling methods, prerecorded or artificial voice messages, text messages, emails and/or automatic telephone dialing systems. You agree that Creditor, Creditor's affiliates, agents and service providers may use any email address or any telephone number you provide, now or in the future, including a number for a cellular phone or other wireless device, regardless of whether you incur charges as a result.

**P. Applicable Law:** You agree that this contract will be governed by the laws of the state of Utah.

**Q. General:** This contract contains the entire agreement between Creditor and you relating to the sale and financing of the motor vehicle. If any part of this contract is not valid, all other parts stay valid. If Creditor doesn't enforce Creditor's rights every time, Creditor can still enforce them later. Creditor will exercise all of Creditor's rights in a lawful way.

If the last installment payment under this contract is a balloon payment, Assignee has assigned to QI Exchange, in its capacity as Assignee's qualified Intermediary, its rights (but not its obligations) with respect to the purchase and sale of this vehicle.

Buyer acknowledges and accepts assignment of this contract to the Assignee (and any successor to Assignee). Buyer also consents to any subsequent assignment of this contract, and accepts this provision as notice of any such assignment, by Assignee or anyone else without further notice to Buyer. This consent and notice specifically includes any assignment of the security interest in the vehicle financed pursuant to this contract.

## FTC NOTICES

**NOTICE - ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.\***

Used Motor Vehicle Buyers Guide. If you are buying a used vehicle with this contract, federal regulations may require a special Buyers Guide to be displayed on the window of the vehicle. **THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.**

Spanish Translation: Guía para compradores de vehículos usados. **LA INFORMACION QUE APARECE EN LA VENTANILLA DE ESTE VEHICULO FORMA PARTE DE ESTE CONTRATO. LA INFORMACION CONTENIDA EN EL FORMULARIO DE LA VENTANILLA ANULA CUALQUIER PREVISION QUE ESTABLEZCA LO CONTRARIO Y QUE APAREZCA EN EL CONTRATO DE VENTA.**

\*Does not apply if purchased for commercial or agricultural use. In that case, you (debtor) will not assert against any assignee or subsequent holder of this Contract any claims, defenses, or setoffs which you may have against the Seller or manufacturer of the vehicle.

## GUARANTY

To cause the Seller to sell the vehicle described on the front of this contract to the Buyer on credit, each person who signs below as a "Guarantor" guarantees the payment of this contract. This means that if the Buyer fails to pay any money that is owed on this contract, each person who signs as a guarantor will pay it when asked. Each Guarantor who signs below agrees that he will be liable for the whole amount owed even if one or more other persons also signs this Guaranty. Each Guarantor also agrees to be liable even if the Creditor does one or more of the following: (a) gives the Buyer more time to pay one or more payments, or (b) gives a release in full or in part to any of the other Guarantors, or (c) releases any security. Each Guarantor also states that he has received a completed copy of this contract and this Guaranty at the time of signing.

Guarantor _____ Address 58 Longview Heights Place, Cowlitz WA 98632

Ron Knori - Managing member

Guarantor _____ Address _____

## READ THIS ARBITRATION PROVISION CAREFULLY AND IN ITS ENTIRETY
### ARBITRATION

Arbitration is a method of resolving any claim, dispute, or controversy (collectively, a "Claim") without filing a lawsuit in court. Either you or Creditor ("us," or "we") (each, a "Party") may choose at any time, including after a lawsuit is filed, to have any Claim related to this contract decided by arbitration. Neither party waives the right to arbitrate by first filing suit in a court of law. Claims include but are not limited to the following: 1) Claims in contract, tort, regulatory or otherwise; 2) Claims regarding the interpretation, scope, or validity of this provision, or arbitrability of any issue except for class certification; 3) Claims between you and us, your/our employees, agents, successors, assigns, subsidiaries, or affiliates; 4) Claims arising out of or relating to your application for credit, this contract, or any resulting transaction or relationship, including that with the dealer, or any such relationship with third parties who do not sign this contract.

**RIGHTS YOU AND WE AGREE TO GIVE UP**
If either you or we choose to arbitrate a Claim, then you and we agree to waive the following rights:
- **RIGHT TO A TRIAL, WHETHER BY A JUDGE OR JURY**
- **RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR A CLASS MEMBER IN ANY CLASS CLAIM YOU MAY HAVE AGAINST US WHETHER IN COURT OR IN ARBITRATION**
- **BROAD RIGHTS TO DISCOVERY AS ARE AVAILABLE IN A LAWSUIT**
- **RIGHT TO APPEAL THE DECISION OF AN ARBITRATOR**
- **OTHER RIGHTS THAT ARE AVAILABLE IN A LAWSUIT**

**RIGHTS YOU AND WE DO NOT GIVE UP:** If a Claim is arbitrated, you and we will continue to have the following rights, without waiving this arbitration provision as to any Claim: 1) Right to file bankruptcy in court; 2) Right to enforce the security interest in the vehicle, whether by repossession or through a court of law; 3) Right to take legal action to enforce the arbitrator's decision; 4) Right to request that a court of law review whether the arbitrator exceeded its authority; and 5) Right to seek remedies in small claims court for disputes or claims within that court's jurisdiction.

You or we may choose the American Arbitration Association, 1-800-778-7879 (www.adr.org), or any other organization subject to our approval, to conduct the arbitration. The applicable rules (the "Rules") may be obtained from the selected organization. If there is a conflict between the Rules and this contract, this contract shall govern. This contract is subject to the Federal Arbitration Act (9 U.S.C. § 1 et seq.). The arbitration decision shall be in writing with a supporting opinion. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. To the extent that the total of your filing, administration, service or case management fee and any arbitrator or hearing fee exceeds $200, we will pay the amount in excess of $200, unless you choose to pay one-half of the total or unless the fees are reallocated in the award under applicable law or the organization's rules.

Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. Any portion of this arbitration provision that is unenforceable shall be severed, and the remaining provisions shall be enforced. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this arbitration provision shall be unenforceable. The validity and scope of the waiver of class action rights shall be decided by the court and not by the arbitrator.

FC 17643-SI (MAY 15) (Previous editions may NOT be used.)   SEE OTHER SIDE FOR ADDITIONAL AGREEMENTS
FC-17643-B-SI

053493515

# OREGON VEHICLE CERTIFICATE OF TITLE

OREGON DRIVER AND MOTOR VEHICLE SERVICES CERTIFIES THE PARTY IS LISTED AS OWNER OF THE DESCRIBED VEHICLE. DOCUMENTS FILED WITH DMV SHOW THE VEHICLE IS SUBJECT TO THE OWNERSHIP INTERESTS SPECIFIED.

CONTROL NUMBER: ▮

| PLATE NUMBER | TITLE NUMBER | PROCESS DATE | SURVIVOR | REFERENCE NUMBER |
|---|---|---|---|---|
| ▮ | 1627301728 | 092916 | N/N | |

| YEAR | MAKE | STYLE | MODEL | VEHICLE IDENTIFICATION NUMBER | EQUIPMENT NO. |
|---|---|---|---|---|---|
| 2016 | FORD | VA | TCN | 1FMZK1CM3GKA15513 | |

OWNER/LESSEE

ODOMETER READING: 20
ODOMETER DATE: 05/17/16
ODOMETER MESSAGE:

ECOCAB PORTLAND LLC

## TITLE BRANDS
The title "Brand" printed below indicates the history, condition, or circumstances of the vehicle for which this title has been issued. Please see back of title for more information.

- NONE -

USE THIS SECTION WHEN THE ONLY CHANGE IS TO REMOVE A SECURITY INTEREST. FOR ANY OTHER CHANGES, SEE INSTRUCTIONS ON REVERSE.

If there is no change in owners as shown above AND all security interest holders have released interest, one registered owner must sign and date here, if not completing a separate application for title. In addition, if your address has changed, cross out the old address and write the new address and county of residence on the front of the title. Mail the title and the fee to: DMV, 1905 Lana Ave NE, Salem OR 97314.

SIGNATURE (DOES NOT RELEASE INTEREST)  DATE
X

To release interest in the vehicle, complete the reassignment on back of the title.

SECURITY INTEREST HOLDER/LESSOR

FORD MOTOR CREDIT COMPANY
PO BOX 105704
ATLANTA GA 30348

SIGNATURE AND COUNTERSIGNATURE OF SECURITY INTEREST HOLDER OR LESSOR RELEASING ALL INTEREST   DATE
X

SIGNATURE AND COUNTERSIGNATURE OF SECURITY INTEREST HOLDER OR LESSOR RELEASING ALL INTEREST   DATE
X

SEE REVERSE OF TITLE FOR APPLICATION INSTRUCTIONS.

VOID WITHOUT CHAIN LINK WATERMARK

1FMZK1CM3GKA15513

# UTAH VEHICLE RETAIL INSTALLMENT CONTRACT

DATE: 05/17/2016

1-800-727-7000

**Buyer (and Co-Buyer) Name and Address (Including County and Zip Code):**
ECO CAB PORTLAND, LLC

**CREDITOR (Seller Name and Address):**
LHM SUPER FORD SALT LAKE CITY
1340 South 500 West
SALT LAKE CITY, UT 84115

Ford Credit
www.fordcredit.com

You, the Buyer (and Co-Buyer, if any), may buy the vehicle described below for cash or on credit. The cash price is shown below as "Cash Price." The credit price is shown below as "Total Sale Price." By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract.

| New/Used | Mileage | Year and Make | Model | Vehicle Identification Number | Use For Which Purchased |
|---|---|---|---|---|---|
| New | 10 | 2016 FORD | TRANSIT | 1FMZK1CM0GKB25953 | Commercial |

Trade-in: N/A

## ITEMIZATION OF AMOUNT FINANCED

1. Cash Price .................................................. $ 45057.00 (1)
2. Down Payment
   - Third Party Rebate Assigned to Creditor ....... $ N/A
   - Cash Down Payment ........................... $ 6200.00
   - N/A .......................................... $ N/A
   - Trade-In (description above) ................. $ N/A
   - Total Down Payment (1 minus 2) ............... $ 6200.00 (2)
3. Unpaid Balance of Cash Price (1 minus 2) ........ $ 38857.00 (3)
4. Amounts paid on your behalf (Seller may be retaining a portion of these amounts)
   - To Public Officials
     - (i) for license, title & registration fees .. $ N/A
     - (ii) for official fees ..................... $ N/A
     - (iii) for taxes (not in Cash Price) ....... $ N/A   $ N/A
   - To Insurance Companies for:
     - Credit Life Insurance ..................... $ N/A
     - Credit Disability Insurance ............... $ N/A
     - N/A ....................................... $ N/A
     - N/A ....................................... $ N/A
   - To N/A for N/A ............................... $ N/A
   - To N/A for N/A ............................... $ N/A
   - To N/A for N/A ............................... $ N/A
   - To N/A for N/A ............................... $ N/A
   - To N/A for N/A ............................... $ N/A
   - To N/A for N/A ............................... $ N/A
   - To N/A for N/A ............................... $ N/A
   - Total ........................................ $ N/A (4)
5. Amount Financed (3 plus 4) ..................... $ 38857.00 (5)

## FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate | The dollar amount the credit will cost you | The amount of credit provided to you or on your behalf | The amount you will have paid when you have made all scheduled payments | The total cost of your purchase on credit, including your down payment of $6200.00 |
| 6.39 % | $ 6761.00 | $ 38857.00 | $ 45618.00 | $ 51818.00 |

**Your Payment Schedule will be:**

| Number of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| | | ☒Monthly ☐Semi-Annually ☐Annually |
| 60 | 760.30 | starting 07/01/2016 |
| N/A | N/A | N/A |
| N/A | N/A | N/A |
| N/A | N/A | N/A |

**Prepayment:** If you pay off your debt early, you will not have to pay a penalty.
**Late Payment:** You must pay a late charge on the portion of each payment received more than 10 days late. The charge is 5 percent of the late amount or $30.00, whichever is greater.
**Security Interest:** You are giving a security interest in the vehicle being purchased.
**Contract:** Please see this contract for additional information on security interest, nonpayment, default, the right to require repayment of your debt in full before the scheduled date, and prepayment penalty.

**COMMERCIAL USE CONTRACT LATE PAYMENT:** If you purchased the vehicle for commercial use, you must pay a late charge on the portion of each late payment received more than 10 days late. The charge is 7.5 percent of the late amount or $50.00, whichever is less.

### BALLOON CONTRACT PROVISIONS
☐ Your last installment payment under this contract is a balloon payment.

**EXCESS WEAR, USE AND MILEAGE CHARGES**
If the box directly above is checked, this section, Paragraph B, and Paragraph C of this contract apply. You may be charged for excessive wear based upon our standards for normal use. If you exercise the option to sell the vehicle back to Creditor under Paragraph B, you must pay the Creditor $0. $ N/A per mile for each mile in excess of N/A miles shown on the odometer.

### Anti-Theft Product (Optional)
☐ If this box is checked you purchased the anti-theft product(s) listed below. The purchase of anti-theft product(s) is optional and not required to obtain credit, even if the product(s) is already installed on the vehicle you selected. You may purchase anti-theft product(s) from the person of your choice. By signing below, you agree to purchase the anti-theft product(s) at the price disclosed.

| N/A | $ N/A | Term N/A |
| N/A | $ N/A | Term N/A |
| N/A | $ N/A | Term N/A |

Buyer Signs X

### INSURANCE
YOU ARE REQUIRED TO INSURE THE VEHICLE. YOU MAY OBTAIN VEHICLE INSURANCE FROM A PERSON OF YOUR CHOICE.

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED.

CREDIT LIFE, CREDIT DISABILITY AND OTHER OPTIONAL INSURANCE ARE NOT REQUIRED TO OBTAIN CREDIT AND WILL NOT BE PROVIDED UNLESS YOU SIGN AND AGREE TO PAY THE PREMIUM.

Credit ☐ Life ___N/A___ Insurance Company
$ N/A         N/A
Premium     Insured(s)

You want Credit Life Insurance.
N/A Buyer Signs
N/A Co-Buyer Signs

Credit ☐ Disability ___N/A___ Insurance Company
$ N/A         N/A
Premium     Insured(s)

You want Credit Disability Insurance.
N/A Buyer Signs
N/A Co-Buyer Signs

**OTHER OPTIONAL INSURANCE**

| Coverage and Insurance Company | Premium and Term in Months |
|---|---|
| N/A | $ N/A |
| By N/A | N/A |
| N/A | $ N/A |
| By N/A | N/A |

You want the optional insurance for which premiums are included above.
N/A Buyer Signs
N/A Co-Buyer Signs

Credit Life and Credit Disability Insurance are for the term of the contract. The amount and coverages are shown in a notice or agreement given to you today.

☐ Debt Cancellation Waiver Addendum (Optional)
If this box is checked you have purchased a debt cancellation waiver. Purchase of this coverage is optional and is not required to obtain credit. The terms and conditions of the debt cancellation waiver are set forth in the attached Addendum which is incorporated into this contract. The price for the debt cancellation waiver is set forth on this contract in the Itemization of Amount Financed under section 4.

Buyer Signs N/A

---

Any change in this contract must be in writing and signed by you and the Creditor.

Buyer Signs X _EcoCab Portland LLC By [signature] Ron Knott Manager_   Co-Buyer Signs X

YOU ACKNOWLEDGE THAT YOU HAVE READ AND AGREE TO BE BOUND BY THE ARBITRATION PROVISION ON THE REVERSE SIDE OF THIS CONTRACT.

The Annual Percentage Rate may be negotiated with the Seller. The Seller may assign this contract and may retain its right to receive a portion of the Finance Charge.

### NOTICE TO THE BUYER
Do not sign this contract before you read it or if it contains any blank spaces. You are entitled to an exact copy of the contract you sign.

Buyer (and Co-Buyer) acknowledge that (i) before signing this contract, Buyer (and Co-Buyer) received and reviewed a true and completely filled in copy of this contract and (ii) at the time of signing this contract, Buyer (and Co-Buyer) received a true and completely filled in copy of this contract.

Buyer Signs X _EcoCab Portland LLC By [signature]_   Co-Buyer Signs X

Seller LHM SUPER FORD SALT LAKE CITY   Title F&I MGR

THIS CONTRACT IS NOT VALID UNTIL YOU AND SELLER SIGN IT.

### ASSIGNMENT
Seller may transfer this contract to another person. That person will then have all Seller's rights, privileges, and remedies. By signing below, the Seller assigns this contract to FORD MOTOR CREDIT CO ("Assignee").
To contact Assignee about this contract, call _____ or visit their website at www.fordcredit.com

LHM SUPER FORD SALT LAKE CITY
Seller _____ By [signature]   Title _____

FC 17643-SI (MAY 15)   (Previous editions may not be used.)   SEE OTHER SIDE FOR ADDITIONAL AGREEMENTS
FC 17643-B-SI

ORIGINAL

PLY 1 - ORIGINAL   PLY 2 - BUYER'S COPY   PLY 3 - CO-BUYER/GUARANTOR COPY   PLY 4 - SELLER'S COPY (NON-TRANSFERABLE)

## ADDITIONAL AGREEMENTS

**A. Payments:** You must make all payments in U.S. funds when they are due. You may prepay your debt at any time without penalty. This is a simple finance charge contract. The actual finance charge you agree to pay will depend on your payment patterns. The actual finance charge may exceed the disclosed Finance Charge if you make your payments later than the scheduled dates or in less than the scheduled amount. Your payment will be applied first to the earned and unpaid part of the Finance Charge and then to the unpaid Amount Financed. The Finance Charge is earned by applying the Annual Percentage Rate to the unpaid Amount Financed for the actual time that the unpaid Amount Financed is outstanding.

**B. Balloon Payment Contracts:** If your last installment payment under this contract is a balloon payment as indicated on the front of the contract, you may handle the last installment payment in one of three ways.

First, you may pay all that you owe when the last installment payment is due and keep your motor vehicle.

Second, you may refinance the last installment payment unless you are in default under this contract. If the Creditor has advanced funds to cure any default, you must pay back the Creditor before the refinancing. You also must provide proof of insurance acceptable to Creditor before the refinancing. The Annual Percentage Rate (APR) for the refinancing will be the Creditor's prevailing rates at the time of the refinancing. You must meet the Creditor's normal credit standards in order to be eligible for refinancing. The term of the refinancing will be based on the amount refinanced, the rate, and the amount of the monthly payment. The refinanced monthly payment shall be the same as in this contract if the refinanced amount will be fully paid within 36 months of the due date of the last installment payment. Otherwise, the monthly payment amount shall be the amount needed to fully pay the refinanced amount within 36 months of the due date of the last installment payment. If you wish to refinance, you must notify the Creditor in writing. Except as discussed in this section, the notice must be received no later than 30 days prior to the due date of the last installment payment.

Third, you may sell the vehicle to the Creditor for an amount equal to the last installment payment. You must pay to the Creditor any other amount owed under this contract. Amounts you owe will be based, in part, on the vehicle's mileage. You also must pay to the Creditor the estimated costs of all repairs to the vehicle that are the result of excess wear and use, as set forth below. You must take the vehicle to a place selected by the Creditor for inspection no later than 15 days prior to the last installment payment due date. After the inspection, if you decide to sell the vehicle to the Creditor, you must give the vehicle to the Creditor no later than the last installment payment due date. At that time, you must also give the Creditor a title, which shows no liens other than the Creditor's lien, transferring ownership to the Creditor or a person selected by the Creditor. After the inspection, if you decide not to sell the vehicle to the Creditor, you must immediately contact the Creditor and inform the Creditor whether you want to refinance the last installment payment.

**C. Damage Repair:** If your last installment payment under this contract is a balloon payment and you sell the vehicle back to the Creditor under Paragraph B, you are responsible for repairs of all damage to the vehicle that are not the result of normal wear and use. Those repairs include, but are not limited to, those necessary to:

(i) replace any tire not part of a matching set of four or any tire which has less than 1/8 inch of remaining tread;
(ii) repair all mechanical defects;
(iii) repair or replace all dented, scratched, chipped, rusted or mismatched body panels, paint or vehicle identification items; all dented, scratched, rusted, pitted, broken or missing trim and grill work; all scratched, cracked, pitted or broken glass; all faulty window mechanisms; all broken or burned out lights; all electronic malfunctions; all interior rips, stains, burns or worn areas; and all damage which would be covered by collision or comprehensive insurance whether or not such insurance is actually in force.

If you have not made the repairs before inspection of the vehicle under Paragraph B, you will owe the estimated costs of such repairs, even if the repairs are not made prior to your sale of the vehicle to the Creditor. If you disagree with the estimated costs of repairs, you may have the repairs made at your expense prior to your sale of the vehicle to the Creditor.

**D. Security Interest:** You give the Creditor a security interest in:
1. The vehicle and all parts or other goods put on the vehicle;
2. All money or goods received for the vehicle; and
3. All insurance premiums and service contracts financed for you.

This secures payment of all amounts you owe under this contract. It also secures your other agreements in this contract.

**E. Use of Vehicle - Warranties:** You must take care of the vehicle and obey all laws in using it. You may not sell or rent the vehicle, and you must keep it free from the claims of others. You will not use or permit the use of the vehicle outside of the United States, except for up to 30 days in Canada or Mexico, without the prior written consent of the Creditor. If the vehicle is of a type normally used for personal use and the Creditor, or the vehicle's manufacturer, extends a written warranty or service contract covering the vehicle within 90 days from the date of this contract, you get implied warranties of merchantability and fitness for a particular purpose covering the vehicle. Otherwise, you understand and agree that there are no such implied warranties, except as otherwise provided by law.

**F. Vehicle Insurance:** You must insure the vehicle against loss or damage from collision, fire or theft. You must name Creditor as the loss payee under the insurance policy. The Creditor must approve the type and amount of insurance. If the vehicle is lost, damaged or destroyed, you must pay the Creditor what is still owed.

You agree that the Creditor can make a claim under the insurance policy. You authorize the insurance company to provide Creditor any information Creditor believes necessary to make a claim. You must use insurance proceeds to repair the vehicle, unless the damage to the vehicle is considered a total loss. If the damage to the vehicle is considered a total loss, you must use the insurance proceeds to pay what you owe the Creditor. If your insurance on the vehicle doesn't pay all you owe, you must pay what is still owed.

**G. Returned Insurance Premiums and Service Contract Charges:** This contract may contain charges for insurance, service contracts, or other contracts. You agree that the Creditor can claim benefits under these contracts and unless prohibited by law, and terminate them to obtain refunds of unearned charges to reduce what you owe. If the Creditor gets a refund of insurance, service contracts, or other contracts, the Creditor will subtract it from what you owe. Once all amounts owed under this contract are paid, any remaining refunds will be paid to you.

**H. Returned Check Charge:** You agree to pay a returned check charge of $20.00 for each check, draft, or other order of payment that is dishonored for any reason.

**I. Default:** You will be in default if:
1. You do not make a payment when it is due; or
2. You gave false or misleading information on your credit application relating to this contract; or
3. Your vehicle is seized by any local, state, or federal authority and is not promptly and unconditionally returned to you; or
4. You file a bankruptcy petition or one is filed against you; or
5. You do not keep any other promise in this contract.

If you default, Creditor can exercise Creditor's rights under this contract and Creditor's other rights under the law.

**J. Repossession:** If you default, the Creditor may require you to pay at once the unpaid Amount Financed, the earned and unpaid part of the Finance Charge and all other amounts due under this contract. Creditor may repossess (take back) the vehicle, too. Creditor may also take goods found in the vehicle when repossessed and hold them for you.

**K. Your Right To Redeem:** If the vehicle is taken back, Creditor will send you a notice. The notice will say that you may redeem (buy back) the vehicle and will explain how to redeem the vehicle. You may redeem the vehicle up to the time the Creditor sells it or agrees to sell it. If you do not redeem the vehicle, it will be sold.

**L. Disposition of Motor Vehicle:** If the vehicle is taken back and sold, the money from the sale, less allowed expenses, will be used to pay the amount still owed on the contract. Allowed expenses include those paid as a direct result of having to retake the vehicle, hold it, prepare it for sale, and sell it. Reasonable lawyer's fees and legal costs are allowed, too. If there is any money left a (surplus), it will be paid to you. If the money from the sale is not enough to pay off this contract and costs, you will pay what is still owed to the Creditor. If you do not pay this amount when the Creditor asks, the Creditor may charge you interest at the highest lawful rate until you pay.

**M. Collection Costs:** Except as otherwise provided by law, you must pay any and all expenses related to enforcing this contract, including collection expenses, lawyers' fees and other legal expenses.

**N. Consumer Reports:** You authorize the Assignee listed on the front of this contract to obtain consumer credit reports from consumer reporting agencies (credit bureaus) for any reason and at any time in connection with this contract.

**O. Servicing and Collection:** You agree that Creditor, Creditor's affiliates, agents and service providers may monitor and record telephone calls regarding your account to assure the quality of our service or for other reasons. You also expressly consent and agree that Creditor, Creditor's affiliates, agents and service providers may use written, electronic or verbal means to contact you. This consent includes, but is not limited to, contact by manual calling methods, prerecorded or artificial voice messages, text messages, emails and/or automatic telephone dialing systems. You agree that Creditor, Creditor's affiliates, agents and service providers may use any email address or any telephone number you provide, now or in the future, including a number for a cellular phone or other wireless device, regardless of whether you incur charges as a result.

**P. Applicable Law:** You agree that this contract will be governed by the laws of the state of Utah.

**Q. General:** This contract contains the entire agreement between Creditor and you relating to the sale and financing of the motor vehicle. If any part of this contract is not valid, all other parts stay valid. If Creditor doesn't enforce Creditor's rights every time, Creditor can still enforce them later. Creditor will exercise all of Creditor's rights in a lawful way.

If the last installment payment under this contract is a balloon payment, Assignee has assigned to Q1 Exchange, in its capacity as Assignee's qualified intermediary, its rights (but not its obligations) with respect to the purchase and sale of this vehicle.

Buyer acknowledges and accepts assignment of this contract to the Assignee (and any successor to Assignee). Buyer also consents to any subsequent assignment of this contract, and accepts this provision as notice of any such assignment, by Assignee or anyone else without further notice to Buyer. This consent and notice specifically includes any assignment of the security interest in the vehicle financed pursuant to this contract.

---

### FTC NOTICES

NOTICE - ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.*

Used Motor Vehicle Buyers Guide. If you are buying a used vehicle with this contract, federal regulations may require a special Buyers Guide to be displayed on the window of the vehicle. THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

Spanish Translation: Guía para compradors de vehículos usados. LA INFORMACION QUE APARECE EN LA VENTANILLA DE ESTE VEHICULO FORMA PARTE DE ESTE CONTRATO. LA INFORMACION CONTENIDA EN EL FORMULARIO DE LA VENTANILLA ANULA CUALQUIER PREVISION QUE ESTABLEZCA LO CONTRARIO Y QUE APAREZCA EN EL CONTRATO DE VENTA.

*Does not apply if purchased for commercial or agricultural use. In that case, you (debtor) will not assert against any assignee or subsequent holder of this Contract any claims, defenses, or setoffs which you may have against the Seller or manufacturer of the vehicle.

---

### GUARANTY

To cause the Seller to sell the vehicle described on the front of this contract to the Buyer on credit, each person who signs below as a "Guarantor" guarantees the payment of this contract. This means that if the Buyer fails to pay any money that is owed on this contract each person who signs as a guarantor will pay it when asked. Each Guarantor who signs below agrees that he will be liable for the whole amount owed even if one or more other persons also sign this Guaranty. Each Guarantor also agrees to be liable even if the Creditor does one or more of the following: (a) gives the Buyer more time to pay one or more payments, or (b) gives a release in full or in part to any of the other Guarantors, or (c) releases any security. Each Guarantor also states that he has received a completed copy of this contract and this Guaranty at the time of signing.

Guarantor _[signature]_ Address 58 _Longview Heights Place, Couslitz, WA 98632_

Ron Kuori

Guarantor _____ Address _____

---

### READ THIS ARBITRATION PROVISION CAREFULLY AND IN ITS ENTIRETY
### ARBITRATION

Arbitration is a method of resolving any claim, dispute, or controversy (collectively, a "Claim") without filing a lawsuit in court. Either you or Creditor ("us" or "we") (each, a "Party") may choose at any time, including after a lawsuit is filed, to have any Claim related to this contract decided by arbitration. Neither party waives the right to arbitrate by first filing suit in a court of law. Claims include but are not limited to the following: 1) Claims in contract, tort, regulatory or otherwise; 2) Claims regarding the interpretation, scope, or validity of this provision, or arbitrability of any issue except for class certification; 3) Claims between you and us, your/our employees, agents, successors, assigns, subsidiaries, or affiliates; 4) Claims arising out of or relating to your application for credit, this contract, or any resulting transaction or relationship, including that with the dealer, or any such relationship with third parties who do not sign this contract.

**RIGHTS YOU AND WE AGREE TO GIVE UP:**
If either you or we choose to arbitrate a Claim, then you and we agree to waive the following rights:
- RIGHT TO A TRIAL, WHETHER BY A JUDGE OR JURY
- RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR A CLASS MEMBER IN ANY CLASS CLAIM YOU MAY HAVE AGAINST US WHETHER IN COURT OR IN ARBITRATION
- BROAD RIGHTS TO DISCOVERY AS ARE AVAILABLE IN A LAWSUIT
- RIGHT TO APPEAL THE DECISION OF AN ARBITRATOR
- OTHER RIGHTS THAT ARE AVAILABLE IN A LAWSUIT

**RIGHTS YOU AND WE DO NOT GIVE UP:** If a Claim is arbitrated, you and we will continue to have the following rights, without waiving this arbitration provision as to any Claim: 1) Right to file bankruptcy in court; 2) Right to enforce the security interest in the vehicle, whether by repossession or through a court of law; 3) Right to take legal action to enforce the arbitrator's decision; 4) Right to request that a court of law review whether the arbitrator exceeded its authority; and 5) Right to seek remedies in small claims court for disputes or claims within that court's jurisdiction.

You or we may choose the American Arbitration Association, 1-800-778-7879 (www.adr.org), or any other organization subject to our approval, to conduct the arbitration. The applicable rules (the "Rules") may be obtained from the selected organization. If there is a conflict between the Rules and this contract, this contract shall govern. This contract is subject to the Federal Arbitration Act (9 U.S.C. § 1 et seq). The arbitration decision shall be in writing with a supporting opinion. Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. To the extent that the cost of your filing, administration, service or case management fees and your arbitrator or hearing fee exceeds $200, we will pay the amount in excess of $200, unless you choose to pay one-half of the entire fee or unless the applicable law or the organization's rules.

Each party shall be responsible for their own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. Any portion of this arbitration provision that is unenforceable shall be severed, and the remaining provisions shall be enforced. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this arbitration provision shall be unenforceable. The validity and scope of the waiver of class action rights shall be decided by the court and not by the arbitrator.

FC 17643-SI (MAY 15) (Previous editions may NOT be used.)    SEE OTHER SIDE FOR ADDITIONAL AGREEMENTS

# OREGON VEHICLE CERTIFICATE OF TITLE

OREGON DRIVER AND MOTOR VEHICLE SERVICES CERTIFIES THE PARTY IS LISTED AS OWNER OF THE DESCRIBED VEHICLE. DOCUMENTS FILED WITH DMV SHOW THE VEHICLE IS SUBJECT TO THE OWNERSHIP INTERESTS SPECIFIED.

CONTROL NUMBER: [redacted]

| PLATE NUMBER | TITLE NUMBER | PROCESS DATE | SURVIVOR | REFERENCE NUMBER |
|---|---|---|---|---|
| [redacted] | 1625920719 | 091516 | N/N | |

| YEAR | MAKE | STYLE | MODEL | VEHICLE IDENTIFICATION NUMBER | EQUIPMENT NO. |
|---|---|---|---|---|---|
| 2016 | FORD | VA | TCN | 1FMZK1CM0GKB25953 | |

OWNER/LESSEE

ODOMETER READING: 10
ODOMETER DATE: 05/17/16
ODOMETER MESSAGE:

LSE ECOCAB PORTLAND LLC

**TITLE BRANDS**
The title "Brand" printed below indicates the history, condition, or circumstances of the vehicle for which this title has been issued. Please see back of title for more information.

- NONE -

USE THIS SECTION WHEN THE ONLY CHANGE IS TO REMOVE A SECURITY INTEREST. FOR ANY OTHER CHANGES, SEE INSTRUCTIONS ON REVERSE.

If there is no change in owners as shown above AND all security interest holders have released interest, one registered owner must sign and date here, if not completing a separate application for title. In addition, if your address has changed, cross out the old address and write the new address and county of residence on the front of the title. Mail the title and the fee to: DMV, 1905 Lana Ave NE, Salem OR 97314.

SIGNATURE (DOES NOT RELEASE INTEREST) X     DATE

**To release interest in the vehicle, complete the reassignment on back of the title.**

SECURITY INTEREST HOLDER/LESSOR

FORD MOTOR CREDIT COMPANY
LSR FORD MOTOR CREDIT COMPANY
PO BOX 105704
ATLANTA GA 30348

SIGNATURE AND COUNTERSIGNATURE OF SECURITY INTEREST HOLDER OR LESSOR RELEASING ALL INTEREST   DATE
X

SIGNATURE AND COUNTERSIGNATURE OF SECURITY INTEREST HOLDER OR LESSOR RELEASING ALL INTEREST   DATE
X

SEE REVERSE OF TITLE FOR APPLICATION INSTRUCTIONS.

VOID WITHOUT CHAIN LINK WATERMARK

VOID IF ALTERED OR ERASED

1FMZK1CM0GKB25953